UNITED STATES, Appellee

v

ARCENIO LOPES, Jr., Private, U. S. Marine Corps, Appellant

20 USCMA 495, 43 CMR 335

No. 23,853

April 9, 1971

*Captain R. O. Kellam*, JAGC, USN, and *Lieutenant George F. McGunnigle, Jr.*, JAGC, USNR, were on the pleadings for Appellant, Accused.

*Commander Michael F. Fasanaro, Jr.*, JAGC, USN, was on the pleadings for Appellee, United States.

### Opinion of the Court

PER CURIAM:

At the accused's trial by special court-martial, he was found guilty of one specification each of willful disobedience of a lawful order of a superior noncommissioned officer and absence without leave (approximately nine hours), in violation of Articles 91 and 86, Uniform Code of Military Justice, 10 USC §§ 891 and 886, respectively. He was found not guilty of a single specification alleging disrespectful language toward the same superior noncommissioned officer, in

violation of Article 91, Code, supra. In addition, a specification alleging willful disobedience of a lawful order of a superior staff noncommissioned officer also charged under Article 91, was dismissed by the military judge on motion of the defense. The accused's sentence to a bad-conduct discharge, confinement at hard labor for three months, and forfeiture of $25.00 per month for a like period has remained unchanged to this level.

In his review for the supervisory authority, the staff judge advocate erroneously reported that the accused had been convicted of the specification alleging disrespectful language (specification 2 of the Charge). He summarized the evidence and set forth the elements relating to this offense and, thereafter, opined that the finding of guilty of this offense was "supported beyond a reasonable doubt by the evidence." He believed the sentence "not excessive under the circumstances." The staff judge advocate's recommendation that the findings and sentence be approved was followed by the supervisory authority. The Government agrees that this was error but contends the accused was not prejudiced thereby.

We disagree. In United States v Podgurski, 15 USCMA 491, 35 CMR 463 (1965), we held that a similar error was prejudicial *per se* and required a new and accurate post-trial review and action by the supervisory authority based on the correct findings of guilty. We so hold in this case. See *Podgurski*, supra, and cases cited at page 492.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A new post-trial review and action by the supervisory authority may be ordered.