UNITED STATES, Appellee

v

GALEN B. HAMILTON, Seaman Apprentice, U. S. Navy, Appellant

20 USCMA 519, 43 CMR 359

*Commander Maitland G. Freed,* JAGC, USN, argued the cause for Appellant, Accused.

*Captain John P. Procter,* USMCR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Charles J. Keever,* USMC, and *Commander Michael F. Fasanaro, Jr.,* JAGC, USN.

## Opinion of the Court

FERGUSON, Judge:

The accused was convicted, in accordance with his pleas, of three specifications of absence without leave and one specification of breach of restriction, in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 USC §§ 886 and 934, respectively. His sentence to a bad-conduct discharge, confinement at hard labor for five months, forfeiture of $80.00 per month for a like period, and reduction to the pay grade of E-1, has remained unchanged to this level.

One of the issues presented by this appeal was decided adversely to the accused in United States v Sayers, 20 USCMA 462, 43 CMR 302 (1971). Another questions the effect of an erroneous statement in the post-trial review.

In his advice to the supervisory authority, the staff judge advocate stated the following:

"The findings are correct in law and fact.

"The sentence adjudged is legal. *As mitigated by the convening authority* it is considered appropriate in view of the number of absences and length of time lost." [Emphasis supplied.]

The italicized portion of the post-trial advice is erroneous. The record reflects that the convening authority did not mitigate the sentence but, rather, approved the sentence adjudged by the court-martial.

The staff judge advocate's confusion in this area may have been prompted by the fact that trial counsel, in his argument on sentence, stated:

". . . The Government would submit that the appropriate sentence in this case would be a short period of confinement with the imposition of a bad conduct discharge, however, *with the recommendation by this court that that discharge be suspended for a period of time to allow the man an opportunity to perform his duties and earn the right that he deserves to return to duty. The Navy will have an opportunity to benefit from the intelligence of this man and his capability. He appears to have both of those.* That is the Government's position now. However, what the Government does insist is that the bad conduct discharge is a very appropriate sentence in this case. However, *we would request the recommendation of a suspension of that discharge.*" [Emphasis supplied.]

The military judge rendered his sentence without any recommendation for suspension of the discharge. As noted above, the convening authority did not suspend the discharge, nor does his action make any reference to trial counsel's contention that such action was deemed appropriate by "the Government."

With the record of proceedings in this posture, we cannot say that this accused received the type of post-trial review contemplated by the Code. See generally, United States v Rivera, 20

USCMA 6, 42 CMR 198 (1970), and cases cited therein.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advo- cate General of the Navy for a new review and action by the convening authority.

Chief Judge QUINN and Judge DARDEN concur.