UNITED STATES, Appellee

v

BYRON H. DIXON, Private, U. S. Marine Corps, Appellant

20 USCMA 625, 44 CMR 55

No. 24,138

June 22, 1971

Lieutenant David G. Grimes, Jr., JAGC, USNR, was on the pleadings for Appellant, Accused.

Lieutenant Colonel Charles J. Keever, USMC, and Commander Michael F. Fasanaro, Jr., JAGC, USN, were on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Charged with one specification alleging unpremeditated murder,[1] the accused was found guilty of the lesser included offense of involuntary manslaughter, resulting from culpable negligence, and sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for two years. The convening authority approved the findings and sentence of the court-martial. The Court of Military Review, while affirming "the findings and sentence approved on review below," incorrectly noted, in the opening paragraph of its opinion, that the accused had been convicted of *voluntary manslaughter*. The error stands in need of correction.

---

[1] Article 118, Uniform Code of Military Justice, 10 USC § 918.

While it might be contended that the opening statement in the court's opinion was a typographical error, we cannot say, under these circumstances, that the accused was not prejudiced as to sentence, especially in light of the fact that the maximum imposable confinement for voluntary manslaughter is ten years and that for involuntary manslaughter is three years. United States v Lopes, 20 USCMA 495, 43 CMR 335 (1971); United States v Hamilton, 20 USCMA 519, 43 CMR 359 (1971). A new review as to sentence is required.

The decision of the Court of Military Review as to sentence is reversed. The record of trial is returned to the Judge Advocate General of the Navy. The Court of Military Review should correct the error noted above and conduct a new review as to sentence.