UNITED STATES, Appellee

v

JAMES D. ARNOLD, Private First Class,
U. S. Army, Appellant

21 USCMA 151, 44 CMR 205

*Captain Stewart Pettet Davis* argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr.,* and *Major Alan W. Cook.*

*Colonel David T. Bryant* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain David E. Wilson, Captain R. Craig Lawrence,* and *Captain Glenn R. Bonard.*

## Opinion of the Court

QUINN, Judge:

We granted the accused's petition for review to consider the effect of the omission of certain material from the staff judge advocate's post-trial advice to the convening authority.

Private First Class Eugene Jenkins and the accused were tried in common, on May 21, 1970, by a military judge, sitting as a special court-martial without court members, for offenses arising out of an interchange between two groups of soldiers. One specification was dismissed for insufficient evidence of guilt, but the accused was convicted of two specifications of battery and a specification alleging communication of a threat, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934, respectively. During sentence proceedings evidence was introduced to the effect that since his induction in 1969, the accused had received three ratings of "excellent" in conduct; and in efficiency he was rated once as "good" and twice as "excellent." Testifying in his own behalf, the accused reviewed his background, which included extension of his tour of duty in Vietnam. He indicated that he "plan[ned] on going back to school" on completion of his tour of service. He maintained that, despite his conviction, he could "go back to soldiering." He expressed a desire to earn an honorable discharge. This provided the central point of dispute between counsel in their arguments as to an appropriate sentence. Trial counsel argued that a punitive discharge should be adjudged because the offenses were "extremely aggravated," but defense counsel contended that in the circumstances "a bad-conduct discharge would be inappropriate."

The trial judge included a bad-conduct discharge in the punishment he imposed upon Jenkins and the accused. However, he noted on the record that he would "recommend to the convening authority that he give serious consideration to probationally suspending both of the punitive discharges." Each of the two sentence worksheets used by the trial judge, which comprise Appellate Exhibit 3 of the record of trial, contains a handwritten statement, titled "Recommendation." The substance of the recommendation is the same as that the judge announced in open court.

Article 61 of the Code, supra, 10 USC § 861, and paragraph 85*b*, Manual for Courts-Martial, United States, 1969 (Revised edition), require the staff judge advocate to review the record of trial and make recommendations to the convening authority regarding the validity of the findings of guilty determined by the court-martial and the appropriateness of the sentence adjudged by it. See United States v Fields, 9 USCMA 70, 25 CMR 332 (1958). Material omissions in the advice may lead the convening authority to take action different from that he might have taken had he known of

the omitted matter. Here, the staff judge advocate reviewed various matters in mitigation and aggravation and noted specifically the accused's desire "to be returned to duty to prove himself worthy of an honorable discharge." However, he made no reference whatever to the trial judge's recommendation for suspension of the discharge. He recommended that the sentence be approved as adjudged.

Failure of the staff judge advocate to apprise the convening authority that a recommendation ▪ against punitive discharge of the accused by a person whose recommendation is likely to be weighed by the convening authority in his deliberations as to the sentence to be approved by him may constitute prejudicial error. United States v Rivera, 20 USCMA 6, 42 CMR 198 (1970); United States v Boatner, 20 USCMA 376, 43 CMR 216 (1971); United States v Harris, 21 USCMA 123, 44 CMR 177 (1971). No template of prejudice can be constructed for all cases. In some situations, the seriousness of the offense, as regards the injury inflicted upon the victim or as affecting good order and discipline, may so far outweigh an isolated recommendation as to make it exceedingly unlikely that the recommendation would influence the convening authority in his deliberation on the sentence; in other instances, the accused's record of previous misconduct may illumine a recommendation for a sentence more favorable than that adjudged by the court-martial as an aberrant circumstance and, therefore, present no reasonable likelihood of its consideration by the convening authority. As the accused's best chance for sentence reduction occurs at the convening authority level (United States v Coulter, 3 USCMA 657, 660, 14 CMR 75 (1954)), any doubtful situation should be resolved in his favor.

The recommendation in this case was made by a person whose judgment and expertise could reasonably be expected to be ▪ weighed with great care by the convening authority. According to the Table of Maximum Punishments (Manual, supra, paragraph 127c, section A), a punitive discharge was authorized, independently, for only one of the three offenses of which the accused was convicted; and the fact that it was referred to a special court-martial for trial suggests there were significant mitigating circumstances in the commission of the offense. Similarly, while the accused's conduct had certain minor blemishes, his complete record reveals commendatory conduct and a creditable discharge of responsibility over extended periods of time. Considering the entire record, we are convinced it was prejudicial to the accused for the staff judge advocate to fail to mention the trial judge's recommendation for suspension of the discharge in the post-trial advice to the convening authority. United States v Rivera, supra; United States v Olson, 41 CMR 652 (ACMR 1969).

More than a year has passed since the accused's trial; the time for his normal separation from the service has also passed. It is appropriate, therefore, to effect as speedy a disposition of the case as procedure allows. Consequently, we set aside the decision of the United States Army Court of Military Review as to the sentence and return the record of trial to it for reassessment of a sentence that will not include a bad-conduct discharge. See United States v Oliver, 42 CMR 906 (ACMR 1970).

Chief Judge DARDEN and Judge DUNCAN concur.