UNITED STATES, Appellant

v

ANTON JOHNSON, Lance Corporal, U. S. Marine Corps, Appellee

21 USCMA 270, 45 CMR 44

*Lieutenant E. Perry Johnson*, JAGC, USNR, argued the cause for Appellant, United States. With him on the brief was *Commander Michael F. Fasanaro, Jr.*, JAGC, USN.

*Lieutenant Kenneth N. Beth*, JAGC, USNR, argued the cause for Appellee, Accused.

## Opinion

QUINN, Judge:

The Judge Advocate General of the Navy certified this case for review to determine the correctness of the decision by the Court of Military Review ordering a new action by the convening authority.

On a plea of guilty to two offenses in violation of the Uniform Code of Military Justice, the trial judge, sitting as a special court-martial without court members, sentenced the accused to a bad-conduct discharge, confinement at hard labor for three months, and accessory penalties. Substantial evidence in mitigation was introduced, and the judge noted on the record that he "very strongly recommend[ed]" suspension of the discharge and a portion of the confinement for a probationary period, with provision for automatic remission. On review, the convening authority approved the adjudged sentence, without suspension of any of its parts. In his action, he made no reference to the recommendation of the trial judge. On further review, the general court-martial authority affirmed the convening authority's action, notwithstanding his staff judge advocate had called his attention to the trial judge's recommendation.

When it considered the case, the United States Navy Court of Military Review took notice of the presumption of the regularity of judicial action, but it concluded that, in the circumstances disclosed by the record, the convening authority's stark affirmance provided insufficient assurance that he

"was aware of the military judge's recommendation" when he promulgated his action. It suggested that appellate review would be simplified if the convening authority's action contained "at least a minimum statement that the recommendation of the military judge was considered." It set aside the action of both the convening authority and the general court-martial authority, and returned the record of trial "for a new action by the convening authority and such further review . . . as may be indicated."

Appellate defense counsel contend that the court's disposition of the issue is interlocutory in nature, and, as such, is not reviewable by this Court by separate appeal. See United States v Best, 4 USCMA 581, 16 CMR 155 (1954). The opinion and action of the Court of Military Review are, indeed, titled, "Interlocutory Order." However, the text of the court's opinion does not disclose any intention to retain jurisdiction over the case. On the contrary, the court set aside both reviewing actions below and directed a "new action," and "such further review" as that action justified. The language in which it effected transfer of the record manifests a purpose to transfer jurisdiction. Judging the court's order by its substance rather than its title, there is no doubt that its decretal provisions effected a final disposition and completed the court's review. See United States v Papciak, 7 USCMA 224, 22 CMR 14 (1956),

opinion by Judge Ferguson, concurred in by Chief Judge Quinn. Consequently, the record of trial could properly be certified to this Court for further review, as provided by Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867.

Turning to the merits of the issue, the presumption of regularity of action has many applications. 29 Am Jur 2d, Evidence, section 168, *et seq.* As it relates to judicial action, it is commonly stated as indicating that "all reasonable presumptions and intendments consistent with the record will be indulged in favor of the validity of the judgment or decision under review." *Ibid.*, section 170. Under the Uniform Code, a convening authority must review and take action on the record of conviction. Code, supra, Articles 60–64. To accomplish his review, he obviously must read the record of the proceedings. The Manual for Courts-Martial points out that he must determine, among other things, that the record contains competent evidence as to each element of the offense, that the sentence is within the power of the court to adjudge and within the prescribed limitations on punishment, and that no errors prejudicial to the accused were committed. See Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 86.

Neither the Code nor the Manual distinguishes between the convening authority of a special court-martial and the convening authority of a general court-martial, except that the latter is required first to obtain the advice and recommendations of his staff judge advocate. See Code, supra, Articles 60, 61, and 64. Consequently, an action by the convening authority of either a general or special court-martial implies that the convening authority had read the record and had determined that matters therein were consistent with his action. That presumption is rebuttable. United States v Wise, 6 USCMA 472, 477, 20 CMR 188 (1955).

Commenting on the presumption and its limitations in *Wise*, we noted that when the convening authority leaves a sentence unsuspended, he has done "at least two things. First, he has addressed himself to those matters, within or without the record, which reflect on the desirability of suspending its execution. Second, upon the showing before him, he has conscientiously reached the conclusion that the particular accused was not entitled to that form of relief." However, we went on to point out that the presumption is rebuttable, and will yield to persuasive contrary evidence. Since the record contained evidence indicating that the convening authority had reviewed the case when he had established a firm policy against suspension, we held that he had not conscientiously reflected on all the evidence affecting the sentence and had thereby denied the accused his right to an "individualized review of his sentence." *Ibid.*, at pages 476–478.

In approaching the facts of this case, we need not be detained by consideration of the "bursting bubble" theory under which a presumption completely disappears when some evidence as to nonexistence of the presumed fact appears so that the presumption may not be considered at all. See United States v Biesak, 3 USCMA 714, 14 CMR 132 (1954); Advisory Committee's Note to Rule 301 Revised Draft of Proposed Rules of Evidence for the United States Courts and Magistrates, 51 FRD 315, 336. Suffice it to note that when all the evidence in the record of trial and the allied papers appears to justify suspension of a sentence but the convening authority does not suspend, at least a nagging doubt arises that the reviewing authority was unaware of the evidence. Whether this doubt is by itself sufficient to rebut the presumption of regularity also need not detain us. Additional evidence may so strengthen the doubt as to overcome the probability of the presumed fact. In a number of cases, we were confronted with situations of this kind.

272

In United States v Troutt, 8 USCMA 436, 24 CMR 246 (1957), certain comments in the opinion of the board of review (now the Court of Military Review) were inconsistent with the presumption of innocence. As members of an appellate judicial tribunal, it could reasonably be said that the members knew of, and were familiar with, that presumption. However, language in the board's opinion tended to indicate it might have shifted the burden of proof to the accused. The Government argued that the language was susceptible of an alternative construction that was consistent with the presumption of innocence. In rejecting that argument, we said that "we prefer not to guess or to choose arbitrarily" between the two interpretations. Other cases have dealt with recommendations as to sentence similar to that present in this case. In each the presumption of regularity imported that the convening authority had considered the recommendation as a matter of record, but, in light of other evidence tending to indicate he had not been aware of the sentence recommendation, we returned the record for further review. United States v Rivera, 20 USCMA 6, 42 CMR 198 (1970); United States v Hamilton, 20 USCMA 519, 43 CMR 359 (1971); United States v Harris, 21 USCMA 123, 44 CMR 177 (1971). In all the cited cases, the evidence consisted of the staff judge advocate's failure to mention the favorable recommendation in the post-trial advice to the convening authority. Since there is no post-trial advice here, and none was required, the Government contends that this case is distinguishable in principle. We see no such distinction.

As we pointed out earlier, the presumption of regularity imports that *every* convening authority is aware of matters in the record that are material to his action. In the cited cases, the failure of the staff judge advocate to mention the recommendation simply increased the doubt that the convening authority was aware of the recommendation. In this case, the transcript was authenticated on March 26.

The convening authority promulgated his action on April 2, 1971. The chronology section on the cover sheet of the record of the proceedings lists no entries, so there is no indication as to when the convening authority actually read the transcript of the trial. He could have received the transcript on March 26, and read it the same day, but not decided on his action until April 2. Thus, there could have been an interval of eight days between the reading and the deliberation and decision. When all the evidence in the record favors the recommendation, there is at least room to doubt that the convening authority remembered the trial judge's recommendation when he decided against suspension. We are unable to conclude, as a matter of law, therefore, that the Court of Military Review was wrong in determining that nonexistence of the presumed fact of knowledge of the recommendation was more probable than its existence. The court is entitled to a degree of discretion; and on this record, we do not believe it had to choose the presumption, and risk having its choice challenged and possibly reversed on appeal. If it erred in the interest of certainty as to the basis of the convening authority's action, we are not persuaded that its choice constitutes an arbitrary disregard of the presumption of the regularity of official action and an abuse of its own judicial discretion.

We answer the certified question in the affirmative, and we affirm the decision of the United States Navy Court of Military Review.

DARDEN, Chief Judge (concurring in the result):

If in the exercise of its power to determine an appropriate sentence a Court of Military Review, instead of relying on a presumption of regularity, desires a specific statement whether a convening authority has considered a military judge's recommendation that a punitive discharge be suspended, I consider that the return of a record for such a statement

**273**

is within the court's authority For this reason I concur in answering the certified question in the affirmative and in affirming the decision of the United States Navy Court of Military Review.

DUNCAN, Judge (dissenting):

Although I can agree with the United States Navy Court of Military Review that appellate review would be simplified if the convening authority's action contained at least a minimum statement that the recommendation of a military judge was considered, I disagree that a quest for simplification should lead us to determine as a matter of law that the well-established presumption of regularity of the convening authority's review is somehow silently rebutted. I view the majority's decision a departure from an orderly process of review without a demonstrated need for the change.