UNITED STATES, Appellee

v

TOMMIE L. GIBSON, Private First Class, U. S. Army, Appellant

21 USCMA 276, 45 CMR 50

No. 24,948

March 24, 1972

*Colonel George J. McCartin, Jr., Lieutenant Colonel Joseph E. Donahue, Captain Gary W. Allman, Captain James D. Mogridge, Captain Terrence Ahern,* and *Captain James K. Stewart* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson, Captain Benjamin P. Fishburne, III, Captain David E. Wilson,* and *Captain Thomas B. McCullough, Jr.,* were on the pleadings for Appellee, United States.

## Opinion of the Court

QUINN, Judge:

We granted the accused's petition for review because it presented an issue within the compass of a question certified for review in United States v Johnson, 21 USCMA 270, 45 CMR 44, decided this date. A comparison of the operative facts in both cases reveals a substantial difference.

In *Johnson,* the trial judge considered the evidence of mitigation in the record and made a specific recommendation to the convening authority for suspension of parts of the sentence he had adjudged. Without mention of any matter pertinent to the issue, the convening authority approved the sentence without suspension. We noted that the conflict between the record and the convening authority's action gave rise to "at least a nagging doubt" that the convening authority was unaware of the recommendation at the time of his action, and that the doubt was sufficiently strengthened by other evidence to justify the Court of Military Review's conclusion that the presumption of the regularity of official action had been overcome.

Here, the trial judge made no direct recommendation for suspension. On the contrary, he indicated that on the evidence before him, he did "not believe . . . [he could] recommend that the BCD . . . be suspended." However, he went on to observe that the accused apparently had "two quite varying records," the formal and the informal. He noted that he could not determine the latter from the information before him, and, therefore, he could "only recommend that the convening authority seriously consider the desirability of suspending the discharge, because he is in a better position than I to determine what that record is." It further appears that in his post-trial advice to the convening authority, the staff judge advocate indicated he had evaluated the accused's record and considered suspension of the discharge "in accordance with the Military Judge's suggestion" and had concluded such clemency was "not warranted." All the facts of record, therefore, are consistent with the presumption of the regularity of the convening authority's action. Accordingly, we affirm the decision of the United States Army Court of Military Review.

Chief Judge DARDEN and Judge DUNCAN concur.