UNITED STATES, Appellant

v

DENNIS V. HOMMEL, Lance Corporal, U. S. Marine Corps, Appellee

21 USCMA 277, 45 CMR 51

Commander *Michael F. Fasanaro, Jr.*, JAGC, USN, and *Lieutenant E. Perry Johnson*, JAGC, USNR, were on the pleadings for Appellant, United States.

*Lieutenant James T. Newsom*, JAGC, USNR, was on the pleadings for Appellee, Accused.

## Opinion

QUINN, Judge:

The Judge Advocate General of the Navy has certified the same question certified in United States v Johnson, 21 USCMA 270, 45 CMR 44, decided this date.

On March 6, the military judge, sitting as a special court-martial without court members, noted on the record that he "would recommend" suspension of the bad-conduct discharge adjudged by him. After trial, he and trial counsel executed a document titled, "Petition for Clemency," in which they referred to evidence in behalf of the accused "as reveal-[ing] an excellent history of conduct, proficiency" and other traits. It was recommended that this record be "considered with a view towards suspension of the bad conduct discharge" imposed at trial.

The record of trial was authenticated on March 29, and on April 5, the convening authority approved the sentence, without suspension and without mention of the recommendations with regard thereto. As it did in *Johnson*, the Court of Military Review set aside the action of the convening authority and that of the general court-martial authority, and directed "a new action by the convening authority and . . . further review" because it doubted

that the convening authority had been aware of the recommendation.

Although the nature of the trial judge's recommendation, as it appears in the petition for clemency, is more like that in United States v Gibson, 21 USCMA 276, 45 CMR 50, decided this date, than the one in *Johnson*, supra, considered in conjunction with the judge's statement at trial as to the kind of recommendation he would make, the Court of Military Review could properly conclude, as it did, that the recommendation was specifically for suspension of the discharge. Consequently, all the pertinent facts in this case are substantially like those in *Johnson*.

For the reasons set out in our opinion in *Johnson*, we answer in the affirmative the certified question which asks whether the determination of the Court of Military Review was correct, and we affirm the decision of the Court of Military Review.

DARDEN, Chief Judge (concurring in the result):

I concur in the result. See my opinion concurring in the result in United States v Johnson, 21 USCMA 270, 45 CMR 44 (1972).

DUNCAN, Judge (dissenting):

I dissent for the reasons set forth in my dissenting opinion in United States v Johnson, 21 USCMA 270, 45 CMR 44 (1972).