UNITED STATES, Appellee

v

MICHAEL J. CHESNEY, Sergeant, U. S. Marine Corps, Appellant

21 USCMA 358, 45 CMR 132

No. 25,059

April 28, 1972

*Lieutenant Charles W. Corddry, III,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Commander Michael F. Fasanaro, Jr.,* JAGC, USN, and *Lieutenant E. Perry Johnson,* JAGC, USNR, were on the pleadings for Appellee, United States.

## Opinion

DARDEN, Chief Judge:

A special court-martial military judge sitting alone convicted this appellant of wrongfully possessing a quantity of d-Lysergic Acid Diethylamide (LSD), and sentenced him to a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $50 per month for the same period, and reduction in grade. He recommended, in addition, that the punitive discharge be suspended. The convening authority affirmed the findings and sentence, giving no indication in his action that he had considered the military judge's recommendation. For the supervisory authority, the staff judge advocate called attention to the above recommendation and to the absence of any showing by the convening authority that he had considered it before acting. The supervisory authority nonetheless approved the findings and the sentence, as did the Court of Military Review. We granted review of the case on February 24, 1972, to determine whether the appellant was prejudiced by the convening authority's failure to indicate that he had considered the recommendation of the military judge.

On March 24, 1972, this Court released its opinion in United States v Anton Johnson, 21 USCMA 270, 45 CMR 44. In that case a Court of Military Review ordered a new convening authority action because his "stark affirmance" gave inadequate assurance that he had promulgated his action with awareness of that military judge's similar recommendation. *Id.,* at page 271. The Judge Advocate General of the Navy certified the *Johnson* case for review to determine the correctness of the Court of Military Review's action. Three separate views resulted. Judge Quinn, relying on what could have been an eight-day interval between the convening authority's reading of and action on the case and evidence favoring the recommendation, could not say as a matter of law that the Court of Military Review erred. I concurred in this result because of my opinion that the Court of Military Review acted within its sentencing power when it asked for a statement from the convening authority whether he had considered the military judge's recommendation. Relying on the presumption of regularity of the convening authority's review, Judge Duncan dissented.

Applying the views I expressed in the *Johnson* case to the case now before us, I find no merit to the assignment of error. (See Rule 5, Rules of Practice and Procedure, United States Court of Military Appeals, Revised January 1, 1962.) I would vacate the order granting review that I consider improvident and would deny the petition.

Judge DUNCAN concurs in the result.

QUINN, Judge (dissenting) :

I would return the record of trial to the Court of Military review for further consideration. in the light of United States v Johnson, 21 USCMA 270, 45 CMR 44 (1972).