UNITED STATES, Appellant

v

BURLEY W. STEFFEY, Private, U. S. Army, Appellee

22 USCMA 105, 46 CMR 105

No. 26,143

January 19, 1973

*Captain David A. Schlueter* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson,* and *Captain Gordon F. Bailey, Jr.*

*Captain Howard M. Schmeltzer* argued the cause for Appellee, Accused. With him on the brief were *Colonel Arnold I. Melnick* and *Captain Peter M. Davenport.*

## Opinion of the Court

DARDEN, Chief Judge:

The question presented by the certificate of the Acting Judge Advocate General, United States Army, is whether the United States Army Court of Military Review correctly directed a new action by the convening authority because it doubted he had been made aware of the military judge's recommendation that the adjudged punitive discharge be suspended.

At the conclusion of the accused's trial by general court-martial, the military judge announced a sentence to a bad-conduct discharge and confinement at hard labor for 5 months. He then recommended to the convening authority "that the bad conduct discharge be suspended and that you [the accused] either be sent to the Correctional Training Facility at Fort Riley, Kansas or if circumstances are such as to warrant it, that an application for a hardship discharge be approved."

In his post-trial review of the record, the staff judge advocate expressly noted that "The Military Judge recommended that the punitive discharge be suspended and that the accused be sent to the Correctional Treatment Facility at Fort Riley, Kansas, or that an application for a hardship discharge be approved." The staff judge advocate

nonetheless considered the sentence as adjudged appropriate and recommended its approval. He also fully advised the convening authority of his power to mitigate the sentence or to suspend it in whole or in part.

The Court of Military Review believed the record of trial contained substantial justification for suspension of the sentence. In light of this circumstance, as well as its belief the staff judge advocate failed to detail reasons for his contrary recommendation and the fact that the convening authority's action was dated the same day as the review, it entertained substantial doubt that the convening authority was aware of the recommendation of the military judge. Relying on our decisions in United States v Johnson, 21 USCMA 270, 45 CMR 44 (1972), and United States v Chesney, 21 USCMA 358, 45 CMR 132 (1972), that court declined to apply the presumption of regularity and ordered a new post-trial review and action by the convening authority.

In United States v Johnson, supra, and United States v Chesney, supra, recommendations for suspension of adjudged punitive discharges were made by military judges sitting as special courts-martial. There was no written post-trial review in either case at the convening authority level. In Johnson, Judge Quinn stated the record left room to doubt whether the convening authority considered the judge's recommendation that permitted the Court of Military Review, in its discretion, to reject application of the presumption of regularity and order a new post-trial review and action. I concurred in the result because of my view that the court acted within its sentencing power when it asked for a statement from the convening authority on whether he had considered the recommendation. Relying on the presumption of regularity as applied to the convening authority's action, Judge Duncan dissented.

In Chesney, the Court of Military Review affirmed, and we granted the accused's petition for review to deter-

**22 USCMA 106**

mine whether he was prejudiced by the failure of the convening authority to state that he had considered the military judge's recommendation in taking his action. Believing that the Court of Military Review need not ascertain the basis for the convening authority's action in every case, I stated that I would vacate the grant as improvident. Judge Duncan concurred in that result, and Judge Quinn dissented on the basis of his opinion in Johnson.

Unlike Johnson and Chesney, the present case makes clear that the convening authority was not unaware of the military judge's recommendation. The staff judge advocate's post-trial review set forth the circumstances of the offense, the evidence in mitigation and extenuation, the military judge's recommendation, and recommended approval of the sentence as both legal and appropriate. In addition, the staff judge advocate informed the convening authority of his power to mitigate or suspend the sentence. The convening authority was fully informed of all the circumstances and, as the Court has noted, his action must be read in light of the post-trial review. United States v Owens, 15 USCMA 591, 36 CMR 89 (1966); United States v Grice, 8 USCMA 166, 23 CMR 390 (1957).

The substantial difference between this case and United States v Johnson, supra, and United States v Chesney, supra, is exhibited by our action in United States v Gibson, 21 USCMA 276, 45 CMR 50 (1972). There, as here, the post-trial review set forth the military judge's recommendation that the convening authority consider suspension, stated that approval of the sentence was nonetheless appropriate, and recommended that it be approved. Based on the review, we affirmed, declaring that "All the facts of record, therefore, are consistent with the presumption of the regularity of the convening authority's action." 21 USCMA at 277, 45 CMR at 51.

We are unable to discern any basis for a different conclusion in this record. As set out above, the clemency factors and the military judge's recom-

mendation were fully discussed in the review. The staff judge advocate could advocate rejection of the judge's view, no matter how justified his recommendation may have appeared, and that the convening authority acted on the same day the review was prepared does not cause doubt that he considered the judge's recommendation. Were we to speculate, we would be more inclined to attribute the prompt action to efficient appellate operations than to failure of the convening authority to perform his statutory duty.

We conclude that no basis exists to believe that the recommendation for suspension was not properly considered.

The certified question is answered in the negative. The decision of the United States Army Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Army for action consistent with this opinion.

Judges QUINN and DUNCAN concur.