UNITED STATES, Appellee

v

NATHAN A. LITTLETON, Private, U. S. Marine Corps,
Appellant

No. 29,025

January 10, 1975

*Lieutenant Stephen T. Myking,* JAGC, USNR, was on the pleadings for
Appellant, Accused.

*Lieutenant Colonel P. N. Kress,* USMC, and *Lieutenant J. W. Malley, Jr.,*
JAGC, USNR, were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

Per Curiam:

This appeal brings up for review the effect of inclusion in the post-trial advice to the supervisory authority of matter adverse to the accused.

Concurrent with his pronouncement of sentence at trial, the judge indicated that, before the convening authority acted on the case, he would review the accused's conduct during post-trial confinement and determine if it warranted his recommendation for suspension of a bad-conduct discharge. However, the judge was released from active duty prior to the convening authority's action, and there is no indication whether he considered the matter any further. In the post-trial advice to the supervisory authority, the staff judge advocate discussed the matter. He noted the absence of a recommendation by the trial judge and the omission of any reference to it in the convening authority's action. These comments were immediately followed by a summary of an interview with accused's counselor at the confinement facility. The summary indicated the accused had had two "infractions" for disobedience of orders and tended "to talk himself into trouble." There is no indication that the accused was accorded the opportunity to rebut or mitigate this information.

A recommendation by a trial judge for suspension of an adjudged punitive discharge can reasonably be expected to be

given weighty consideration by a reviewing authority. *United States v Arnold,* 21 USCMA 151, 44 CMR 205 (1972). It was, therefore, appropriate for the staff judge advocate to provide information tending to indicate what the judge's recommendation might have been had he actually reviewed, as he said he would, the accused's conduct in confinement. The difficulty, however, is that the information was adverse to the accused. When the post-trial advice includes new matter that can reasonably influence the reviewing authority to treat the accused less leniently than he might otherwise have done, the accused is entitled to the opportunity to rebut or mitigate the adverse matter. *United States v Lanford,* 6 USCMA 371, 381, 20 CMR 87, 97 (1955).

At trial, the judge and defense counsel discussed the procedure that would be followed to obtain the judge's recommendation. In view of the discussion, it is arguable either that no effort was made to obtain the recommendation because defense counsel and the accused recognized that the accused's conduct in confinement was so unsatisfactory that the judge would decide against a favorable recommendation, or that having obtained an unfavorable recommendation, they elected not to have it recorded.

Either action would imply that the accused not only had the opportunity to rebut or to mitigate the adverse matter, but actually could not do so. However, we regard these possibilities as too speculative to overcome the deficiency apparent on the face of the record.

We reverse the decision of the Court of Military Review and the action of the supervisory authority as to the sentence. The record of trial is returned to the Judge Advocate General of the Navy for submission to another competent supervisory authority for further review of the sentence.