UNITED STATES, Appellee

v

TYRONE W. LEE, Fireman Recruit, U. S. Navy, Appellant

No. 29,237

January 31, 1975

*Major D. A. Higley,* USMC, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress,* USMC, and *Lieutenant Thomas L. Earp,* JAGC, USNR, were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

A special court-martial consisting of military judge alone convicted the accused of two offenses in violation of the Uniform Code of Military Justice and imposed a sentence which included a bad-conduct discharge. To give the accused the opportunity to "get a good type discharge," the judge included in the formal pronouncement of sentence a recommendation that the punitive discharge "be suspended for a period of six months" after completion of confinement. The convening authority approved the sentence, without suspension of the discharge; he noted he had "considered" the trial judge's recommendation.

In his post-trial review for the supervisory authority, the staff judge advocate did not mention the judge's recommendation or the convening authority's comment. As a result, the accused contends the review is prejudicially inadequate.

See *United States v Arnold,* 21 USCMA 151, 44 CMR 205 (1972). His contention focuses only on the omission of the judge's recommendation for suspension of the punitive discharge. To that extent, it is incomplete because the recommendation must necessarily be considered with the rejection of it by the convening authority. *United States v Edwards,* 23 USCMA 202, 48 CMR 954 (1974). Still, we are not persuaded that the latter so outweighs the former as to compel a conclusion that had the review brought all aspects of the matter to the supervisory authority's attention, he would not have been inclined to accord the accused any leniency.

The decision of the Court of Military Review is reversed, and the supervisory authority's action on the sentence is set aside. We return the record of trial to the Judge Advocate General of the Navy for submission to the supervisory authority for further proceedings consistent with this opinion.