UNITED STATES, Appellee

v

JARVIS CAIN, Private First Class, U. S. Marine Corps, Appellant

No. 29,534

March 21, 1975

*Lieutenant Robert A. DiBiccaro,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress,* USMC, and *Lieutenant Commander Harvey E. Little,* JAGC, USN, were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

Following accused's conviction and sentence by a general court-martial, four of the eight members of the court made favorable recommendations regarding suspension of the bad-conduct discharge that was adjudged at trial. These, together with six other recommendations for clemency, were submitted by defense counsel for consideration by the convening authority. The staff judge advocate referred to them in his post-trial review and recommendation to the convening authority as follows:

> The defense counsel, submitted a request for clemency dated 26 March 1974, with ten enclosures, requesting suspension of the Bad Conduct Discharge in this case. However, in view of the serious nature of the offenses, coupled with the accused's past record, no clemency is recommended at this time.

Without attempting to establish a standard of measurement of the value of particular recommendations for clemency, it seems to us that a recommendation is likely to carry more weight with the convening authority if it comes from a person in a special position to assess the military or judicial appropriateness of leniency to the accused beyond that which may be inferred from the sentence imposed upon him at trial. *See United States v Lee,* 23 USCMA 303, 49 CMR 552 (1975). Necessarily, a staff judge advocate is allowed a degree of "selectivity as to the matters to be included in the post-trial review." *United States v Edwards,* 23 USCMA 202, 205, 48 CMR 954, 957 (1974).

We are not convinced, however, that the generalized statement by the staff judge advocate adequately apprised the convening authority of the important fact that four of the recommendations for clemency were by court members who had imposed the sentence under review. *See United States v Arnold,* 21 USCMA 151, 44 CMR 205 (1972).

**363**

The decision of the Court of Military Review as to the sentence is reversed, and the action by the convening authority as to the sentence is set aside. The record of trial is returned to the Judge Advocate General for submission to the convening authority for further proceedings consistent with this opinion.

Judge QUINN did not participate in the decision of this case.