**UNITED STATES, Appellee,**

v.

**Harold L. ANDERSON, Private, U. S. Army, Appellant.**

**No. 30,215.**

U. S. Court of Military Appeals.

July 25, 1975.

*Lieutenant Colonel James Kucera, Captain Paul C. Hemmer,* and *Captain John R. Osgood* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Donald W. Hansen* was on the pleadings for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

The conviction of this appellant by a special court-martial of three specifications of assault and battery in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928, has resulted in a sentence which, as approved and affirmed below, includes a bad-conduct discharge.

When initially forwarding these charges to the convening authority, the appellant's battalion commander, a lieutenant colonel, recommended that the appellant be eliminated from the service and that he be tried by a special court-martial authorized to adjudge a bad-conduct discharge. Later, however, this same officer appeared as a defense witness and testified on appellant's behalf during the sentencing portion of the trial. After relating various matters favorable to the appellant, the battalion commander further explained:

> [D]uring my visitations [to the stockade], I began to develop reservations about submission of a request for a BCD. After I looked at the charge sheet I felt I was obligated by the Code to go ahead and do that. . . . The man has the possibility to be a good soldier.

Thereafter, the military judge, when announcing the imposed sentence, specifically indicated that he was relying heavily on the testimony of the battalion commander in making a concurrent recommendation to the convening authority that the bad-conduct discharge portion of his adjudged sentence be suspended.

Although the review of the staff judge advocate in this case noted the military judge's recommendation for suspension and adequately summarized much of the favorable testimony offered by the appellant's battalion commander, no mention was made about that portion of the battalion commander's testimony which set forth his reasons for his original recommendation and his subsequent reservations thereof. In view of the recommendation of the military judge to suspend the bad-conduct discharge, which was directly predicated at least in material part upon that testimony so omitted from the review, we find this to be prejudicial error. *See United States v. Arnold,* 21 U.S.C.M.A. 151, 44 C.M.R. 205 (1972); *United States v. Rivera,* 20 U.S.C.M.A. 6, 42 C.M.R. 198 (1970).

The decision of the Army Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army for a new post-trial review and action by a different convening authority.