UNITED STATES, Appellee,

v.

Stephen KNECHT, Private, U. S. Army, Appellant.

No. 34565.

CM 432893.

U. S. Court of Military Appeals.

Aug. 7, 1978.

Appearances: For appellant—*Captain Michael B. Dinning* (argued); *Colonel Robert B. Clarke* (on brief); *Lieutenant Colonel John R. Thornock*; *Major Benjamin A. Sims* (on brief); *Captain Demmon F. Canner* (on brief).

For appellee—*Captain Lee D. Schinasi* (argued); *Colonel Thomas H. Davis* (on brief); *Lieutenant Colonel R. R. Boller* (on brief); *Captain Michael J. Hurley* (on brief); *Captain Stephen D. Smith.*

Opinion of the Court

COOK, Judge:

In accordance with his pleas, the appellant was found guilty by a general court-martial, consisting of a judge alone, of possessing hashish and heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. We granted review to determine whether the appellant was prejudiced because he was not accorded an opportunity to rebut matters in the allied papers.

The granted issue is raised in the following factual context. Following appellant's trial, he became engaged in conversation with his brother and other individuals in a hallway located near the courtroom. The staff judge advocate, upon approaching the area, heard the appellant remark that the military judge had recommended the sus-

pension of the adjudged bad-conduct discharge. There is some conflict in the evidence as to whether the appellant addressed such comment to the staff judge advocate, or whether it was addressed to one of the other individuals present. In any event, the staff judge advocate responded that the discharge would not be suspended. The trial judge had, in fact, recommended that it be suspended.

Upon being served a copy of the post-trial review, which contained a recommendation that the punitive discharge be approved, the defense counsel submitted a written statement in which he called attention to the encounter between appellant and the staff judge advocate and suggested there was some question "as to the fairness with which" the staff judge advocate reached his conclusion. The staff judge advocate subsequently executed a written statement in which he acknowledged that he had told the appellant that the discharge would not be suspended and explained such remark on the basis he "was aware of the existence of a considerable amount of evidence which would establish the falsity of PV2 KNECHT's testimony." He further asserted that he felt that he was disqualified from advising the convening authority. The case was transferred to another command, where a different staff judge advocate prepared a second post-trial review for the substitute convening authority, who approved the adjudged sentence without suspending the punitive discharge. The second post-trial review was not served on trial defense counsel. The parties agree that the written statement of the original staff judge advocate was included among the allied papers when final action was taken by the substitute convening authority.

As the post-trial reviews preceded the effective date of our decision in *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), which requires service of the review on defense counsel, that case is not controlling. However, prior to *Goode*, this Court held that an accused must be given an opportunity to rebut or explain adverse matters which were considered by the convening authority if such matters were not part of

the record of the trial proceedings. *United States v. Roop*, 16 U.S.C.M.A. 612, 37 C.M.R. 232 (1967); *United States v. Vara*, 8 U.S.C.M.A. 651, 25 C.M.R. 155 (1958); *United States v. Griffin*, 8 U.S.C.M.A. 206, 24 C.M.R. 16 (1957); see *United States v. Gladden*, 1 M.J. 12 (C.M.A.1975). Appellant submits that because the statement of the original staff judge advocate was part of the allied papers it can be presumed that the convening authority perused it prior to acting on the case. The Government does not challenge this assertion, and for the purpose of this appeal, we assume that the convening authority was aware of the statement. See *United States v. Nixon*, 44 C.M.R. 634 (A.C.M.R.1971), *rev'd on other grounds*, 21 U.S.C.M.A. 480, 45 C.M.R. 254 (1972), and *United States v. Johnson*, 21 U.S.C.M.A. 270, 45 C.M.R. 44 (1972). However, we disagree with the appellant's conclusion that the Government was required to accord him an opportunity to rebut or explain the statement.

Initially, we observe that neither the substitute convening authority nor his staff judge advocate purported to use the statement in question as evidence against the accused in evaluating the sentence. Appellant, however, contends that the convening authority's mere exposure to the statement raises a possibility that it was used in an adverse manner. This argument does not take account of the purpose for which the statement was included in the allied papers. In effect, the statement set forth the reasons for the original staff judge advocate's disqualification and the transfer of the case to another command for post-trial review and convening authority action. It was an integral part of the processing of the appellant's case, and was appropriately included in the allied papers; its destruction or omission would have been improper. *United States v. Dean*, 7 U.S.C.M.A. 721, 23 C.M.R. 185 (1957); see also *United States v. Beach*, 1 M.J. 118, 123 n. 7 (C.M.A.1975) (Cook, J., dissenting). Accordingly, we are unwilling to assume that the convening authority used the statement for the purpose advanced by the appellant,

rather than for the legitimate purposes for which it had to be concluded in the allied papers.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER concurs.

PERRY, Judge (dissenting):

The reply of the majority—that the statement at issue was in the record for a proper administrative reason—to the appellant's contention that its mere presence in the record and the convening authority's exposure thereto raises a possibility that it was used in an adverse manner, is not responsive to the appellant's claim that his defense counsel ought to have had the opportunity to answer the damaging innuendo which was raised for the first time in that statement. I do not quarrel with the majority that the statement was in the allied papers of this record simply as "an integral part of the processing of the appellant's case, and was appropriately included in the allied papers." However, the *propriety* of its *inclusion* in the record does not necessarily obviate the need to offset the possibility of its *improper use*. The pre-*Goode*[1] law is clear, as, the majority acknowledge, "that an accused must be given an opportunity to rebut or explain adverse matters which were considered by the convening authority if such matters were not part of the record of the trial proceedings."[2] I would apply that law in this case.

1. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

2. *See* the cases cited therefor in the majority opinion.