**UNITED STATES, Appellee,**

v.

**Private (E–1) Michael VENEY, SSN 189–52–6092, United States Army, Appellant.**

**SPCM 13471.**

U. S. Army Court of Military Review.

22 Dec. 1978.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Willard E. Nyman, III, JAGC, and Captain Richard E. Connell, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major Michael B. Kennett, JAGC, and Captain Michael J. Wall, JAGC, were on the pleadings for appellee.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

THORNOCK, Judge:

The appellant was tried in a bench trial by special court-martial at Fort Lewis, Washington on one charge of escape from custody and one charge of absence without leave in violation of Articles 95 and 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 895 and 886, respectively. He was sentenced to a bad-conduct discharge and confinement at hard labor for three months. On appeal the appellant urges as error: lack of jurisdiction; an omission from the Staff Judge Advocate's Review; and insufficient evidence to convict of escape from custody. We find only the second error to be meritorious.

After sentencing and at the very conclusion of the trial the military judge stated: "It is my recommendation that the convening authority give some consideration to suspension of that portion of the sentence as pertains to the punitive discharge in this case." The staff judge advocate's review makes no mention of this recommendation.

It is clear beyond cavil that such an omission is error. *United States v. Lee*, 23 U.S.C.M.A. 303, 49 C.M.R. 552 (1975); *United States v. Arnold*, 21 U.S.C.M.A. 151, 44 C.M.R. 205 (1972); *United States v. Eller*, 20 U.S.C.M.A. 401, 43 C.M.R. 241 (1971); *United States v. Boatner*, 20 U.S.C.M.A. 376, 43 C.M.R. 216 (1971); *United States v. Rivera*, 20 U.S.C.M.A. 6, 42 C.M.R. 198 (1970). In the instant case the omission is noteworthy since the review contains a separate paragraph containing the recommendation of all the appellant's commanders that his case be disposed of by a special court-martial empowered to impose a bad-conduct discharge.

The post-trial review was served on the trial defense counsel in accordance with the mandate of *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). Although the trial defense counsel commented upon the review and submitted an Article 38(c), UCMJ, brief addressing the jurisdictional issue, his brief was silent as to the omission of the military judge's recommendation to the convening authority. We are mindful that a failure to rebut "will normally be deemed a waiver of any error in the review." *United States v. Goode, supra*, at 6. In *United States v. Myhrberg*, 2 M.J. 534 (A.C.M.R.1976) (*en banc*), this Court held that failure to raise error within the post-trial review amounted to waiver. However, this Court therein also noted that waiver of error was subject to some limitations, such as manifest miscarriage of justice or error that would seriously affect the fairness, integrity, or public reputation of judicial proceedings.

We hold that the omission from the staff judge advocate's review of a military judge's recommendation to a convening authority that the convening authority

consider suspension of a punitive discharge under the circumstances of this case is plain error that requires corrective action.[1] The Court's announced purpose in *Goode* is salutory, and its wisdom is amply demonstrated by the increased attention paid to staff judge advocate reviews by trial defense counsel and the concomitant lessening of appellate litigation on the post-trial review. However, the waiver doctrine must be tempered by the relative responsibilities and experience levels of the staff judge advocate and the trial defense counsel. Senior legal officers are required to abide by the highest standards of fairness. It is imperative that they bring to the attention of convening authorities *all* favorable recommendations concerning the disposition of an accused's case. This is particularly true in instances, such as the case herein, where the staff judge advocate has called the convening authority's attention to specific command recommendations as to disposition. We are quick to add that trial defense counsel have a similar duty to assure that all matters favorable to an accused are conveyed to the convening authority. Notwithstanding that duty, we decline to invoke the *Goode* waiver in this case.

1. It is likewise insufficient to cover such an omission by stating in the convening authority's responsibility paragraph of the review, as was done in the case *sub judice*, that the convening authority "may suspend the execution of all or any part of the approved sentence." Although such a statement may accurately address the convening authority's power, it does not address the recommendation of a trained, experienced trial judge. We are aware of the reported cases that there is a rebuttable presumption that the convening authority has read the record and has determined that matters therein are consistent with his action. We feel that the recommendations of a trial judge to the convening authority are too important to be left unsaid. Such matters should be brought to the attention of the convening authority specifically by the staff judge advocate in his review. *See United States v. Johnson,* 21 U.S.C.M.A. 270, 45 C.M.R. 44 (1972); *United States v. Wise,* 6 U.S.C.M.A. 472, 20 C.M.R. 188 (1955); and *United States v. Ringor,* 3 M.J. 1104 (N.C. M.R.1977). *But see United States v. Akins,* 23 U.S.C.M.A. 257, 49 C.M.R. 390 (1974).

2. Reversal and corrective action may not always be required. As the Court of Military

Accordingly, the action of the convening authority, dated 29 June 1978, is set aside.[2] The record of trial is returned to The Judge Advocate General for a new review and action by the same or a different convening authority.

Chief Judge DE FIORI and Senior Judge CARNE concur.

Appeals stated in *United States v. Arnold,* 21 U.S.C.M.A. 151, 153, 44 C.M.R. 205, 207 (1972).

No template of prejudice can be constructed for all cases. In some situations, the *seriousness* of the offense, as regards the injury inflicted upon the victim or as affecting good order and discipline, may so far outweigh an *isolated* recommendation as to make it exceedingly unlikely that the recommendation would influence the convening authority in his deliberation on the sentence; . . . (emphasis supplied).

Such is not the situation in the case *sub judice.* From the record and the nature of the offenses involved it cannot be said that, "it [is] exceedingly unlikely that the recommendation would influence the convening authority in his deliberation on the sentence." Even in the most serious cases, fundamental fairness dictates that such favorable information or recommendations be included in the review. In *Arnold,* Chief Judge Quinn went on to say: "As the accused's best chance for sentence reduction occurs at the convening authority level (*United States v. Coulter,* 3 USCMA 657, 660, 14 CMR 75 (1954)), any doubtful situation should be resolved in his favor." We specifically encourage such practice.