**UNITED STATES**

v.

**Airman First Class Mark S. LESLIE, FR 558–41–0645, United States Air Force.**

**ACM S25851.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 June 1982.

Decided 15 July 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major Alexander S. Nicholas and Major Robert L. McHaney, Jr., USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant Colonel Andrew J. Adams, Jr., Major George D. Cato and Captain Brenda J. Hollis.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

DECISION

PER CURIAM:

The Government's motion for leave to file affidavits is hereby granted.

The accused was convicted, contrary to his pleas, of larceny and various drug offenses. He was sentenced by the court, consisting of members, to a bad conduct discharge, confinement at hard labor for two months, forfeiture of $200.00 per month for two months and reduction to airman basic.

The military judge made a written recommendation that the accused be sent to the 3320th Corrections and Rehabilitation Squadron, because "the accused demonstrated a potential for rehabilitation." The formal clemency report failed to mention this fact; neither did the review of the staff judge advocate. It is error for such a recommendation of the military judge not to be brought to the attention of the convening authority. *United States v. Lee,* 49 C.M.R. 552 (C.M.A.1975); *United States v. Arnold,* 21 U.S.C.M.A. 151, 44 C.M.R. 205 (1972).

The Government, by an affidavit of the staff judge advocate, seeks to establish that the convening authority had been apprised of the military judge's recommendation, through a staff summary sheet from the staff judge advocate to the convening authority. This staff summary sheet had not previously been attached to the Record of Trial. Our review of that document reveals that it inadequately presented the military judge's recommendation to the convening authority.

In addition, the staff summary sheet was not served upon the accused and his counsel. *United States v. Goode,* 1 M.J. 3 (C.M.A.1975). Although the trial defense counsel did not comment on the failure to apprise the convening authority of the military judge's favorable recommendation, we will not apply the doctrine of waiver. *United States v. Siders,* 15 M.J. 272 (C.M.A.1983), *United States v. Veney,* 6 M.J. 794 (A.C.M.R.1978).

The review of the staff judge advocate must be attached to the record of trial. M.C.M., 1969 (Rev.), para. 85*d.* In like manner, we hold that any other document, although not required by law or regulation, which is utilized either in lieu of the review or in supplement thereof must likewise be included in the record, and, in view of the mandate of *United States v. Goode,* must be served upon the accused's counsel for his comment.

Accordingly, the action of the convening authority is hereby set aside. The record of trial is returned for a new action after advice to the convening authority of the full extent of the clemency recommendations in this case.