**UNITED STATES, Appellee,**

v.

**Specialist Five Harry E. HUGHES, 250–86–7439, United States Army, Appellant.**

**CM 447731.**

U.S. Army Court of Military Review.

13 May 1986.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Kevin T. Lonergan, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Thomas L. Herrington, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellant was tried by a general court-martial at Schofield Barracks, Hawaii. Contrary to his pleas, he was convicted of one specification each of conspiracy to distribute marijuana and conspiracy to distribute cocaine; two specifications of distribution of cocaine; one specification of distribution of marijuana; two specifications of possession of cocaine with intent to distrib-

ute; and one specification of possession of marijuana with intent to distribute, violations of Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 912a (1983 & Supp. II 1984). The latter three specifications were dismissed by the military judge after findings as multiplicious for findings purposes. The members sentenced appellant to a dishonorable discharge, confinement for one year, total forfeitures, and reduction to Private E-1.

The recommendation of the staff judge advocate erroneously reflected convictions of the three specifications which had been dismissed after findings. The trial defense counsel submitted a response under Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1106(f)(4) [hereinafter cited as R.C.M.] pointing out the error in the recommendation.[1] This response was submitted to the convening authority, Colonel David H. Helela, with the recommendation of the staff judge advocate, but the latter did not prepare an addendum correcting or commenting on the error.

The recommendation of the staff judge advocate contained the operative language, "I recommend that you approve the sentence as adjudged." In turn, the convening authority signed the following directive: "The recommendation of the Staff Judge Advocate is approved." The action of the convening authority was as follows:

> "In the case of Specialist Five Harry E. Hughes, 250–86–7439, U.S. Army, Medical Company A, Tripler Army Medical Center, Hawaii, the sentence is approved, and, with the exception of the dishonorable discharge, the sentence will be executed."

The promulgating order, which was authenticated by an assistant adjutant, reflects that appellant was found guilty of the dismissed specifications.

Appellant requests that we direct a new review and action, alleging that "[i]ncorrect and prejudicial information was presented to the convening authority. Although pointed [out] by the defense counsel, this information was obviously not apparent to the convening authority, who approved the dismissed specifications." We cannot accept this conclusion on the basis of the evidence before us. The fallacy in appellant's position resides in the final phrase of the quoted argument. In point of fact, the convening authority did not approve the findings of guilty of the dismissed specifications. Instead, he approved the sentence; that was what the staff judge advocate recommended, that was the recommendation the convening authority approved, and that was the content of the convening authority's action.

■ Under R.C.M. 1107(b)(3)(A)(iii), the convening authority was required to consider the matters submitted by the trial defense counsel. In the absence of evidence to the contrary, the convening authority is presumed to follow such instructions. *See United States v. Johnson*, 45 C.M.R. 44, 46 (C.M.A.1972); *United States v. Brown*, 48 C.M.R. 827, 830 (A.C.M.R. 1974). The staff judge advocate was authorized, but not required, to comment on the defense assertion that some of the information in the staff judge advocate's recommendation was in error. *Compare* R.C.M. 1106(d)(4) *with* R.C.M. 1106(f)(7). In this case, the staff judge advocate either overlooked the issue or chose to leave the dispute over the correct findings of guilty unresolved by any further written comment in his recommendation.

Thus the written recommendation of the staff judge advocate and the defense submission show only that the convening authority was aware of a controversy over the findings which had been reached at trial, not how (or even whether) he resolved that dispute in his own mind before taking his action. The fact that the promulgating order is in error is similarly unenlightening. While a promulgating order is *prima facie* evidence of the findings and sentence

---

**1.** The trial defense counsel submitted a request for clemency pursuant to R.C.M. 1105 as part of   the same document.

imposed at trial and the action taken by the convening authority, nothing in such an order purports to record the information considered by the convening authority when he took his action. Furthermore, since these orders are produced by subordinates rather than the convening authority personally, their contents do not reflect the convening authority's personal understanding of the events recorded thereon.

■ Under the circumstances of this case, before deciding whether the convening authority took his action based on the correct record of appellant's offenses and before completing our review of this case, we choose to obtain a statement from the convening authority. *See United States v. Johnson, supra; United States v. Crowley,* 3 M.J. 988 (A.C.M.R.1977) (en banc), *aff'd,* 7 M.J. 336 (C.M.A.1979).

The record of trial is returned to The Judge Advocate General for transmission to the same convening authority, Colonel David H. Helela, or his successor, who shall transmit a copy of the record of trial to Colonel Helela. Colonel Helela will then execute an affidavit in self-authenticating form. The affidavit will state whether he understood, at the time he took initial action in this case, that the specifications alleging possession of cocaine and marijuana (Specifications 1, 3, and 5 of Charge II) had been dismissed by the military judge. If the affidavit indicates that Colonel Helela understood that these specifications were dismissed, the convening authority will return the affidavit, along with the record of trial, to the Clerk of the Court. In the event that Colonel Helela's affidavit indicates that he was not aware that the specifications in question had been dismissed at the time initial action was taken, or that he cannot recall whether they had been dismissed, or it is found by the convening authority to be impracticable to cause the preparation of such an affidavit, the convening authority will set aside the original action and a new recommendation and action will be performed.