UNITED STATES, Appellant

v

LEWIS A. BRIDGES, JR., Seaman, U. S. Navy, Appellee

9 USCMA 121, 25 CMR 383

No. 10,927

Decided April 4, 1958

██ 

*Lieutenant Colonel Charles H. Beale, Jr.,* USMC, argued the cause for Appellant, United States.

*Captain Frederick D. Clements,* USMC, argued the cause for Appellee, Accused.

## Opinion of the Court

HOMER FERGUSON, Judge:

The Judge Advocate General of the Navy, pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, has certified the following issue to this Court for its consideration:

"Was the Board of Review correct in holding that the charges of missing movement through design and unauthorized absence were multiplicious for purposes of sentence, thus requiring an instruction to this effect on the maximum sentence?"

A brief statement of facts is necessary to place the certified issue in its proper setting.

On or about 7:15 a.m. on the morning of June 24, 1957, the accused absented himself without authority from his ship, the U.S.S. ALGOL which was located at San Diego, California, and remained absent until approximately 12:45 p.m., June 27, 1957, a period in excess of three days. As a result of this absence, he missed the movement of his ship, which occurred on or about 10:30 a.m. on the morning of June 24, 1957. A special court-martial subsequently convened on board the U.S.S. ALGOL found the accused guilty in conformity with his plea of being absent without leave and missing movement through design, in violation of Articles 86 and 87, Uni-

form Code of Military Justice, 10 USC §§ 886 and 887, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, and partial forfeiture of pay for a like period. The convening authority approved the sentence, but suspended the execution of the punitive discharge until the accused's release from confinement or until completion of appellate review, whichever occurred later.

Placing great reliance upon our decision in United States v Posnick, 8 USCMA 201, 24 CMR 11, the board held that since the offense of missing movement occurred during the period of unauthorized absence, the offenses were multiplicious for the purpose of sentence. Accordingly, it concluded that it was error for the president to fail to instruct on the effect of multiplicity on the court-martial's consideration of the sentence. The board thereupon independently reassessed the sentence. We believe that the action of the board of review was correct in all respects.

We are met at the outset by the argument that our holding in *Posnick,* supra, was predicated solely upon the factual setting which existed in that case. There, the accused was charged with absence without leave and missing

122

movement through *neglect*, whereas in the case at bar, the accused was charged with unauthorized absence and missing movement through *design*. From this circumstance, it is contended that a different result is required. A board of review was not impressed by this argument and neither are we. As the Government correctly points out, the offense of missing movement was newly created by the Code, supra. The reason for its inclusion among the punitive articles may best be understood by reference to the following testimony of Mr. Felix Larkin, given before the House Committee on Armed Services which considered the Code:

". . . It [missing movement] really is *an aggravated form of absence without leave*, but the type of absence without leave which is specifically connected with the circumstance of missing a ship or a unit when it is about to move.

"Now, the experience of World War II was such that in a large number of cases persons who were either legitimately on leave or those who were not or who left without authority, did so just about the time that their ship was to sail or their unit was to move.

"It is considerably more serious for a man to be absent at that time than to be absent under other circumstances.

"It was felt that it is desirable and necessary to spell out those circumstances and facts in a specific article.

"I would expect that the maximum sentence for this type of absence without leave would be heavier than an absence without leave that takes place in different circumstances." [Hearings before House Armed Services Committee on H. R. 2498, 81st Congress, 1st Session, page 1258.] [Emphasis supplied.]

It seems clear from this testimony that the offense of missing movement was considered primarily an aggravated form of absence without leave which warranted the imposition of a greater punishment than other varieties of unauthorized absence.[1] Furthermore, Congress divided this offense into two degrees dependent upon whether the movement was missed through neglect or design. Article 87, Uniform Code of Military Justice, supra. United States v Thompson, 2 USCMA 460, 9 CMR 90. The President in prescribing the Table of Maximum Punishments gave effect to these different degrees by providing that missing movement through neglect could be punished by an authorized maximum sentence of bad-conduct discharge, total forfeitures, and confinement at hard labor for six months, whereas the commission of the offense of missing movement through design could result in a punishment which included dishonorable discharge, total forfeitures, and confinement at hard labor for one year. In either degree of the offense, however, the length of absence is immaterial.[2]

In *Posnick*, supra, we were only presented with the factual situation where an accused was charged with absence without leave and missing movement through neglect. In holding that these offenses were multiplicious for the purpose of sentence, we said:

"Logically every missing movement offense includes an unauthorized absence plus other factors. These additional factors are circumstances that aggravate the offense of unauthorized absence. In these cases the unit, ship, or aircraft, is moving and the accused has knowledge of this movement. The offense can be further aggravated by the subjective cause of the accused's absence—neglect or design. The fact that the absences are alleged in terms of a different span of time is not important if the absence alleged is one unit."[3]

---

[1] See also the statement of Professor Morgan before the Senate Committee on Armed Services, 81st Congress, 1st Session, on S. 857 and H.R. 4080, page 37.

[2] Cf. Table of Maximum Punishments

for the maximum sentences imposable for the offense of absence without leave depending upon the duration of the absence.

[3] The Government in its brief takes issue with the broad generalization

**123**

In arriving at our holding in that case, it was unnecessary to decide whether the same result would have obtained had the offense of missing movement through design been alleged. In the case at bar, however, we are squarely faced with that question and we conclude that the same result must follow. The basis of the offenses alleged is the same absence and the unauthorized absence offense therefore is lesser included in the missing movement offense charged. The fact that a move-ment has been missed as a result of a deliberate conscious design rather than through mere neglect or inadvertence is an aggravating circumstance which may properly be considered by a court-martial in arriving at an appropriate sentence.

The certified issue is answered in the affirmative and the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

Judge LATIMER dissents.

---

found in *Posnick,* supra, that every missing movement offense "logically" includes an unauthorized absence. In support of its position, it offers the following hypothetical situation: "Suppose Bridges, knowing that the USS ALGOL was going to sail from San Diego, California, at 10:30 a.m. on 24 June, had taken 10 days leave to expire at 10:00 a.m. on 24 June. Bridges plans, and reveals his plans to several shipmates, to turn in at the U. S. Naval Receiving Station, Brooklyn, New York, to avoid the sailing of his ship. At 9:55 a.m., on 24 June, just prior to the expiration of his leave, Bridges executes his plan, and the Naval Receiving Station at Brooklyn accepts him. As a result of his action, the USS ALGOL sails at 10:30 a.m. without Bridges." The Government's argument then proceeds with the assertion that the offense of missing movement through design would be complete under the above illustration although the accused would not be an unauthorized absentee, notwithstanding the fact that he could not possibly have reached his ship in San Diego before his leave expired. Therefore, the argument continues, every missing movement does not "logically or necessarily" include an unauthorized absence.

Concededly, the Government's hypothetical example is outside the orbit of the language found in *Posnick,* supra. However, we are unable to see where such concession can be of any comfort to the Government. In the *Posnick* case, as well as the related cases of United States v Underwood, 8 USCMA 338, 24 CMR 148; United States v Henley, 8 USCMA 340, 24 CMR 150, and in the present case, we were faced with factual situations where the accused was charged with the two offenses of unauthorized absence and missing movement. In the considered analysis of these specific cases, as distinguished from the hypothetical one, the generalization that every missing movement offense "logically" includes the offense of absence without leave is correct.