UNITED STATES, Appellee

v

MICHAEL D. MASSINGILL, Private, U. S. Army, Appellant

21 USCMA 428, 45 CMR 202

No. 24,866

May 26, 1972

*Captain Leland M. Stenehjem, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr., Lieutenant Colonel Arnold I. Melnick, Lieutenant Colonel Joseph E. Donahue, Captain Richard A. Cooper,* and *Captain Barry K. Duwe.*

*Captain Stan L. Spangler* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson,* and *Captain Glenn R. Bonard.*

## Opinion of the Court

DARDEN, Chief Judge:

Our review of this case is to determine whether the staff judge advocate prejudicially erred by not referring in his post-trial advice to certain comments by the military judge after he announced sentence.

A military judge, sitting as a general court-martial without members, convicted the appellant of aggravated arson and violation of a lawful general regulation. After announcing a sentence of a dishonorable discharge, confinement at hard labor for two years, total forfeitures, and reduction to the lowest pay grade, the judge continued:

> "Now, from the stockade personnel and their testimony you appear to have an excellent potential for rehabilitation from their point of view. Unfortunately, I do not have the power to suspend sentence; I do have the power, the right that is, to recommend suspension of sentences; and based on the way you appear to me in court, your youth in particular, the evaluation of the stockade personnel in the case, *I recommend that after about six months of confinement, if your potential for rehabilitation remains high in the opinion of those who are in charge of you at that time, that you be considered for suspension of the remainder of your sentence* or at least sent to the Correctional Training Facility at Fort Riley, Kansas, where you get a chance to work your way by soldiering out of the effects of, many of the effects of, the conviction, as serious as this one is. I make that recommendation: after about six months you be suspended if your potential remains what it appears in court to be today. Do you understand?

> "ACCUSED: Yes, sir.

> . . . . .

> "DC: With regard to your recommendation as to suspension, do I understand this is a recommendation going only to confinement?

> "MJ: *This involves the discharge as well as the confinement.* Of course, this puts the accused in a position where he's going to have to work out the suspension or work his way through the CTF, whichever the case is. This offense is serious. The way out is not going to be easy. It is going to be entirely up to the individual whether he makes it out. Whether he is given the opportunity depends on how he performs in this initial period. This is all I can do about it. If there is nothing further, this case is adjourned." [Emphasis supplied.]

Before commission of the offenses leading to this court-martial, the eighteen-year-old appellant had received excellent ratings for conduct and efficiency. Although he had earlier received nonjudicial punishment twice, he conducted himself during pretrial confinement in a manner that caused stockade officials to testify that his conduct had been exemplary and that he had impressed them with his ability and desire to return to active duty.

In this instance, the staff judge advocate in his post-trial review informed the convening authority of all the evidence that the military judge listed as influencing his recommendation. He omitted only the judge's conclusion based on this evidence.

**429**

Obviously, a convening authority is an accused's best hope for clemency. United States v Coulter, 3 USCMA 657, 14 CMR 75 (1954). Consequently, this Court's opinions have required that a staff judge advocate should inform the convening authority of a recommendation by a person whose opinion is likely to be influential against elimination of an accused from the service. United States v Rivera, 20 USCMA 6, 42 CMR 198 (1970); United States v Boatner, 20 USCMA 376, 43 CMR 216 (1971); and United States v Eller, 20 USCMA 401, 43 CMR 241 (1971).

More directly in point, we recently held that a staff judge advocate erred prejudicially by failing to include in his post-trial review a military judge's recommendation for clemency. United States v Arnold, 21 USCMA 151, 44 CMR 205 (1972). The *Arnold* opinion declared that a convening authority was likely to weigh a military judge's recommendation with great care.

Appellate defense counsel agree that the judge's comments quoted above were not a recommendation for immediate clemency. While the judge's recommendation could have been implemented only by an authority other than the convening authority,[1] the recommendation might have influenced the convening authority to take other mitigating action if the staff judge advocate had called it to his attention. Specifically, they argue, the convening authority could have suspended the confinement at hard labor in excess of six months and he could have suspended the punitive discharge with a provision for automatic remission at a later date if the suspension was not sooner vacated.

The military judge's recommendation was a conditional one. Under its terms, Massingill was to be considered for sentence suspension or transfer to the Correctional Training Facility at Fort Riley, Kansas, only if he demonstrated for six months a high rehabilitation potential. Because by that time jurisdiction over the appellant would have passed from the convening authority, the military judge could not have intended his recommendation to be for the convening authority's consideration. Our assessment of the judge's action is that he did not consider Massingill as deserving an immediate suspension.

If the staff judge advocate had included the military judge's recommendation, his review possibly would have been less favorable to Massingill, because the convening authority could fairly have construed it as suggesting no consideration of mitigation until after six months of good conduct. In the circumstances of this case, the staff judge advocate did not err by omitting the military judge's remarks after sentencing in his post-trial review. Accordingly, we affirm the decision of the United States Army Court of Military Review.

Judges QUINN and DUNCAN concur.

---

[1] Army Regulation 633–10, paragraph 2b, May 21, 1968, then in effect, provided that the only persons who have authority to mitigate, remit, or suspend sentences of general court-martial prisoners in the detention barracks, except for a convening authority's initial action on the conviction, are the Secretary of the Army and the Judge Advocate General.