UNITED STATES, Appellee

v

WILLIAM H. HILL, Staff Sergeant U. S. Army, Appellant

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

No. 26,950

August 3, 1973

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■ ■ ■ ■■■■■■

*Captain Denis E. Hynes* argued the cause for Appellant, Accused. With him on the brief was *Colonel Arnold I. Melnick.*

*Captain M. Douglas Deitchler* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III,* and *Captain Thomas W. Phillips.*

## OPINION OF THE COURT

QUINN, Judge:

Separate panels of the United States Army Court of Military Review have disagreed as to the effect of the staff judge advocate's submission to the convening authority of a post-trial advice prepared before authentication of the record of trial proceedings against an accused. The panel that considered this case held that the staff judge advocate's action was irregular but that the irregularity did not prejudice the accused. Other panels have held that the procedure is illegal and that the later action of a convening authority on the findings and sentence of the court-martial must be set aside, without regard to whether the premature advice was prejudicial to the accused. See United States v Shurley, 44 CMR 683 (ACMR 1971). The Army Judge Advocate General has asked this Court to review the determination that "the error of the Staff Judge Advocate in completing the post-trial review before the authentication of the record of trial must be tested for specific prejudice." See Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867(b)(2).

The staff judge advocate's review here is dated June 12, 1972. In it, the staff judge advocate recommended approval of both the finding of guilty and the sentence. The record of trial was authenticated by the trial judge on June 14. The convening authority acted on June 17.

Although he approved the finding of guilty, as recommended by the staff judge advocate, he disagreed with the recommendation for approval of the sentence; he reduced the accused to the grade of E-5, instead of to Corporal E-4 as directed by the court-martial, and he cut the period of forfeiture of pay from 4 months to 2 months.

■■ Every record of trial of a general court-martial must be reviewed by a convening authority. Article 60, UCMJ, 10 USC § 860. He "may approve only such findings of guilty" as he "finds correct in law and fact and as he in his discretion determines should be approved." Article 64, UCMJ, 10 USC § 864. However, before taking such action, the convening authority must refer "the record" to the staff judge advocate for "his written opinion." Article 61, UCMJ, 10 USC § 861. The language of the Code manifests that the record "forwarded to the convening authority" after trial for his action (Article 60) is the same record he must refer to his staff judge advocate for advice (Article 61). The statutory pattern is amplified by paragraphs 82*e, f* and *g* of the Manual for Courts-Martial, 1969 (Rev.). Combined, the Code and the Manual leave no doubt that the record of trial must be authenticated by a proper person before it is forwarded to the convening authority for his action. The requirement for authentication is, in fact, so longstanding that almost a quarter of a century ago the Judge Advocate General of the

**22 USCMA 420**

Army ruled that "there is no record of trial until the record has been properly authenticated." CSJAGO, February 11, 1950, "Common Errors or Irregularities Appearing In Records of Trial," cited in United States v Stewart, CM 417380 (ABR August 14, 1968). Since the record received by the convening authority for action must be authenticated, necessarily the record he must refer to his staff judge advocate for review and recommendation must be the authenticated record. We, therefore, reject government counsel's contention that neither law nor practice mandates that the advice submitted by the staff judge advocate to the convening authority be predicated upon an authenticated record of trial. As implied by the certified question and consistently held by panels of the Army Court of Military Review, it is error for the staff judge advocate to submit an advice to the convening authority based upon a review of an unauthenticated record of trial.

■ Government counsel argue that there is "no magical significance" in the date of the post-trial review. Except as it may posit or anticipate a future event, a report can speak only of data in existence at the time of its preparation. See United States v Schuller, 5 USCMA 101, 17 CMR 101 (1954). Consequently, if a record of trial is changed by the authenticating official to make the record agree with what transpired at trial, unless the staff judge advocate anticipates the change in his original review or comments on it in a supplementary review after the change, the only reasonable assumption is that the staff judge advocate's early review is incomplete or erroneous. Similarly unpersuasive is government counsel's apprehension that "needless delays" will result from requiring the staff judge advocate to predicate upon an authenticated record the review he submits to the convening authority. Certainly, as counsel postulate, there will be many occasions when a substantial period of time will elapse between preparation of the record of trial and its authentication. When such instances occur, the staff judge advocate need not remain idle. As government counsel suggest, there is no legal prohibition against the preparation of a draft of the post-trial review on the basis of an unauthenticated transcript. But even under the Government's suggested procedure, the staff judge advocate must "carefully check his review with the authenticated record of trial before submitting it to the convening authority." A draft based on an unauthenticated record cannot, therefore, constitute, as it did in this case, the final review submitted to the convening authority.

A conclusion that submission to the convening authority of a post-trial review based on an unauthenticated record is contrary to the Uniform Code does not dispose of the Government's further contention that the error does not justify invalidation of the later action by the convening authority on the findings and sentence, without further considering whether the error resulted in prejudice to the accused. The beginning point of the contention is the state of the record of trial at the time the convening authority acts thereon. Action by the convening authority on an unauthenticated record is subject to the same infirmities we noted earlier in discussing the limitations of an advice by the staff judge advocate predicated upon review of an unauthenticated record. As the usual form of convening authority action is only decisional approval, or modification, of particular findings and sentence, see Appendix 14, MCM, the factual matters actually considered by him and the reasons for his action are not determinable. Yet, the unauthenticated record may contain matter not in the authenticated record or matter differently represented. The differences or omissions cannot be discovered from a reading of the action. If they are favorable to the accused, the harm to him from the failure of the convening authority to consider them in his action is obvious. On the other hand, action on an authenticated record imports that the convening authority "read the record and had determined that matters therein were consistent with his action." United States v Johnson, 21 USCMA 270, 272, 45 CMR 44, 46 (1972). Absent other circumstances, the validity *vel non* of his action is determinable by the authenticated record of trial.

■ ■ One circumstance requiring more than reference to the record of

trial in assessment of the legality of the convening authority's action is the statutory mandate for post-trial advice by the staff judge advocate. Unlike the skeletal form of the convening authority's action, the staff judge advocate's advice must, among other things, consider and analyze the adequacy and weight of the evidence and discuss the presence and effect of any error or irregularity affecting the findings of guilty or the sentence. Manual for Courts-Martial, 1969 (Rev), paragraph 85b; United States v Fields, 9 USCMA 70, 25 CMR 332 (1958). In the absence of clear evidence to the contrary, the convening authority presumptively acts in accordance with his staff judge advocate's advice. United States v Grice, 8 USCMA 166, 169–170, 23 CMR 390, 393–394 (1957). An erroneous advice by the staff judge advocate may, but need not necessarily, influence the convening authority in his action on the case. To the extent the advice presents a fair risk of misleading the convening authority, it invalidates his action on the case; but if no such risk is present, the convening authority's action remains valid, despite the error in the advice. United States v Massingill, 21 USCMA 428, 45 CMR 202 (1972); United States v Cruse, 21 USCMA 286, 45 CMR 60 (1972); United States v Petty, 13 USCMA 398, 32 CMR 398 (1962). This standard for measuring the impact of an error by the staff judge advocate has been long and well-established. It has, however, been implied by several of the panels that have considered the issue before us that an advice based upon an unauthenticated record is so inimical to informed action by the convening authority and appellate review as to amount to a denial of due process. We share the concern of these panels for the essentiality of a review upon a true record of trial, but we are not convinced that error of the kind in issue is so egregious or so different from the errors in the staff judge advocate's advice that have consistently been tested for prejudice as to be reversible per se. An advice based upon an unauthenticated record which is later authenticated without change of a word of text or a symbol of punctuation cannot be said to be substantively wrong. In such an instance, it would uncon-

scionably elevate form over substance to invalidate the convening authority's action only because the advice was prematurely submitted to him. We have rejected such blanket condemnation even in regard to an unauthorized procedure affecting the record of trial itself. In United States v Harris, 21 USCMA 123, 125, 44 CMR 177, 179 (1971), we held that the unauthorized insertion in the record of trial of an ostensible ruling by the trial judge did not justify disregard of the entire record, but required evaluation of its effect. As it was manifest that the insertion was harmless to the accused, it was disregarded.

■ An advice prepared on the basis of an unauthenticated record can be checked for errors or omissions against the authenticated record. If a change was made in the record between preparation of the advice and the record's authentication, its substance, not the fact of its making is the important consideration. The advice is erroneous only if it incorrectly represents the authenticated record, and it is ground to invalidate the action of the convening authority only if the error influenced the convening authority to the prejudice of the accused. It is apparent, therefore, that the burden of scrutiny of a staff judge advocate's review based on an unauthenticated record is no different in substance or in degree than the scrutiny of an advice predicated on an authenticated record. We agree, therefore, with the panel of the Court of Military Review below that a staff judge advocate commits error if he submits to the convening authority a post-trial advice based upon an unauthenticated record of trial, but as with any error in regard to his advice, it can properly be disregarded if it presents no fair risk of prejudice to the accused.

Here, the Court of Military Review compared the staff judge advocate's advice with the authenticated record of trial and found no "significant errors." Appellate defense counsel have not cited to us any omission or distortion in the advice and our own scrutiny of it leads us to the same conclusion as the court below. Accordingly, we answer the certified question in the affirmative, and we

affirm the decision of the Court of Military Review.

Chief Judge DARDEN concurs.

DUNCAN, Judge (concurring in the result):

Since the record in this case is not verbatim,[1] it is exceedingly difficult to determine precisely what transpired at trial. The total proceedings, with minor and unimportant exceptions, are reported in summary form. With regard to the instructions on findings, the record merely reflects:

> The military judge instructed the court in accordance with paragraph 73 of the Manual for Courts-Martial, including the elements of each offense, the presumption of innocence, reasonable doubt, and burden of proof as required by Article 51(c), and affirmative defenses.

Although charged with several offenses, the appellant was convicted only of a single specification alleging the unlawful possession of a concealed weapon (Charge III). The record reflects that a .22-caliber pistol was found in his pocket as the result of a search incident to the appellant's apprehension as a suspect in a larceny. The appellant acknowledged under oath at trial that he had the gun in his possession as protection for himself as night manager of the Noncommissioned Officers' Club. He had recently purchased it and planned on getting it registered and taking it with him when he rotated to the United States.

My brothers maintain that "[a]n advice prepared on the basis of an unauthenticated record can be checked for errors or omissions against the authenticated record." I do not believe that this is or should be the task of an appellate body. See United States v Stewart, CM 417380 (ABR August 14, 1968). As a practical matter, appellate bodies have no way of knowing in what manner the post-trial review might have been different had it been prepared on the basis of the authenticated record unless any changes have been noted. There is no such requirement. The need to check for errors or omissions is easily eliminated by adherence to the requirement that the post-trial review and advice to the convening authority be made on the basis of an authenticated record only.

In this case, however, since the appellant judicially confessed to a violation of the charged offense, United States v Tobin, 17 USCMA 625, 38 CMR 423 (1968); United States v Thompson, 3 USCMA 620, 14 CMR 38 (1954), and the convening authority, as an act of clemency, approved a sentence less than that adjudged by the court, I concur with my brothers that the appellant was not prejudiced by the staff judge advocate's erroneous action.

---

[1] Trial was by general court-martial. However, the sentence adjudged did not include a discharge and was not in excess of that which may otherwise be adjudged by a special court-martial. See Article 54(a), Uniform Code of Military Justice, 10 USC § 854.