UNITED STATES

v.

**Marvin R. WATKINS, Seaman Apprentice, U. S. Coast Guard.**

**CGCMS 23131.**
**Docket No. 786.**

U. S. Coast Guard Court of
Military Review.

17 March 1976.

Appearances: Military Judge, CDR Henry Haugen, USCG, Trial Counsel, LT Larry S. Craig, USCGR, Defense Counsel, LT Samuel E. Burton, USCGR.

## OPINION OF THE COURT

BRIDGMAN, Judge:

The accused was charged with four offenses: a 21 day unauthorized absence (Art. 86, 10 U.S.C. § 886); missing movement through design (Art. 87); breaking restriction (Art. 134); and disobedience of an order (Art. 90). He elected to be tried by military judge alone, entered pleas of guilty to all offenses, and both individually and through counsel, requested a BCD. Prior to announcing sentence the military judge ruled that the first three offenses were multiplicious for punishment purposes. The military judge also stated:

> I am going to award confinement in an amount that I estimate to be sufficient to allow for a review of this case by the Supervisory Authority. It is my recommendation that you be interviewed by the staff legal officer, or his representative, before the Supervisory Authority takes action to determine if there is a rehabilitation potential then present. If so, I recommend that you be restored to duty.

■ Article 65(b) of the UCMJ, 10 USC 865(b) and paragraph 94 MCM, U.S., 1969 (Rev.), require the staff judge advocate or legal officer to review the record of trial and make recommendations to the Supervisory Authority, including matters relative to the appropriateness of the sentence. Material omissions in the advice which may tend the Supervisory Authority to take action different from that which he might have taken, had the omitted material been brought to his attention, have been held to constitute prejudicial error. *United States v. Arnold*, 21 U.S.C.M.A. 131, 44 C.M.R. 205 (1972), *United States v. Rivera*, 20 U.S.C.M.A. 6, 42 C.M.R. 198 (1970). The correctness of the events at trial is irrelevant to whether prejudice flowed from erroneous advice by the legal officer. The correct inquiry is whether there is a fair risk that the review misled the Supervisory Authority. Where such risk is present, the Action has been invalidated. *United States v. Martinez*, No. 30,986, 24 U.S.C.M.A. 100, 51 C.M.R. 273, 1 M.J. 280 (1976), *United States v. Hill*, 22 U.S.C.M.A. 419, 47 C.M.R. 397 (1973).

■ In this instance the review prepared by the district legal officer fails to mention the ruling by the military judge that three of the four offenses are multiplicious for punishment purposes. Further, the offenses are summarized in the review in such a way that there is no indication that they took place on the same day or were in any way related to each other. To the extent that *United States v. Westcott*, A.C.M.R. 1973, 48 C.M.R. 237, stands for the principle that failure of the review to mention that the military judge has ruled that offenses were multiplicious for punishment purposes is not prejudicial error, we disagree. Failure to inform the convening authority that what appears to be a series of offenses must be treated as a single offense does, in our opinion, mislead the convening authority.

■ In addition, the review fails to mention the recommendation of the military judge and is completely devoid of any indication whether the requested interview of the accused was carried out. Failure of the legal officer's review to mention a direct recommendation by the military judge to suspend a punitive discharge has to be held to be prejudicial, *United States v. Arnold, supra*. Where the military judge's recommendation has been conditional, the contrary result has been reached. *United States v. Massingill*, 21 U.S.C.M.A. 428, 45 C.M.R. 202 (1972). As pointed out by the court in *Massingill*, the military judge could not have intended his recommendation for the convening authority, since by the time the recommendation was to be acted upon, jurisdiction over the accused would have passed from the convening authority. In the present instance the military judge specifically intended that the post-trial interview of the accused be conducted "before the Supervisory Authority takes action."

 Errors in post-trial reviews of staff judge advocates and legal officers have occasioned recurrent complaints and reversals. In an effort to correct this problem the USCMA directed that, effective 15 May 1975, a copy of the review be served on counsel for the accused and he be given an opportunity to correct or challenge any matter he deems erroneous, inadequate, or misleading. The failure of counsel for the accused to take advantage of this opportunity is normally to be deemed a waiver of any error in the review. *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). The record reflects that the defense counsel was served with a copy of the legal officer's review and was advised that the failure to comment would be deemed a waiver of any error in the review.

We do not believe this rule is intended to relieve the legal officer of the obligation to prepare a thorough, accurate, and complete review and we do not condone omissions of the type encountered here. We have no doubt that the omissions discussed above present a fair risk that the supervisory authority was misled in his review of the accused's trial. Under other circumstances we would be reluctant to impose a waiver, however in this instance we feel constrained to follow the rule announced in *United States v. Goode, supra,* and we affirm.

BRIDGMAN, YOUNG and LYNCH (concurring).

ROSENWASSER and MAGUIRE (dissenting). Appellate Military Judges.

ROSENWASSER, Chief Judge, dissenting:

I disagree with the conclusions of prejudicial error stated in the Opinion of the Court.

We are dealing here with the case of a Viet Nam veteran who, following the breakup of his marriage, enlisted in the Coast Guard, more than three years after his Honorable Discharge from the U. S. Army. He shortly became convinced that he had made a mistake in returning to military life, and he formed a determination to get out.

He committed offenses which four times resulted in nonjudicial punishment. Finally the instant offenses led to the present court-martial. The accused's own testimony, as well as the statement of his counsel, show that the motive for the commission of all his offenses was the determination to be separated from the service.

Prior to sentencing him, the judge addressed the accused; in effect he told him that if he, Watkins, should have a change of heart and decide that he wanted to remain in the Coast Guard, then he, the judge, would recommend his restoration to duty. Plainly, this was only a conditional recommendation against the bad conduct discharge. Cf. *United States v. Massingill*, 21 U.S.C.M.A. 428, 45 C.M.R. 202 (1972).

I cannot agree that the district legal officer's review was prejudicially erroneous in not drawing the District Commander's attention to the judge's presentence remarks. On the facts here it was not error to omit the comment as to ascertaining the accused's "rehabilitation potential" and the conditional recommendation which followed it. Cf. *United States v. Edwards*, 23 U.S.C.M.A. 202, 48 C.M.R. 954 (1974).

In *Massingill, supra,* the Court repeated the reasoning behind many of its decisions involving reviews by the staff legal officer:

Obviously a convening authority is an accused's best hope for clemency . . .. Consequently, this Court's opinions have required that a staff judge advocate should inform the convening authority of a recommendation by a person whose opinion is likely to be influential *against elimination of an accused from the service.* (emphasis supplied)

In *United States v. Arnold*, 21 U.S.C.M.A. 151, 44 C.M.R. 205 (1972) the review omitted to mention that the judge recommended giving "serious consideration" to suspending the BCD. The accused had testified that he wanted to "go back to soldiering" and earn an honorable discharge; moreover "the central point of dispute" in the arguments was whether a BCD should be im-

posed. The omission was ruled prejudicial error; yet the Court's opinion cautioned:

No template of prejudice can be constructed for all cases.

Where the accused resists a bad conduct discharge, it is now settled that a failure to mention the trial judge's recommendation to consider suspending the BCD, constitutes prejudicial error and requires a new review and action. *United States v. Lee*, 23 U.S.C. M.A. 303, 49 C.M.R. 552; *United States v. Blake*, 23 U.S.C.M.A. 362, 49 C.M.R. 821 (1975).

But the underlying situation in the instant case is diametrically different from that in cases like *Arnold, Blake* and *Lee*. I can see no likelihood that information as to the judge's remarks here might have influenced the district commander against approving the bad conduct discharge that Watkins wanted. To have suspended the BCD in this case would not have been clemency—it would have been cruelty.

I disagree also with the conclusion that it was prejudicial error not to inform the convening authority that the judge ruled (favorably to the accused) that three of the four offenses were multiplicious for sentencing purposes. The conclusion in no way follows from the reasoning in any of the relevant Court of Military Appeals cases.

Lastly I disagree with the interpretation placed on *United States v. Goode*, 23 U.S.C. M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). If there are indeed prejudicial errors in a staff legal officer's review, a Court of Military Review is not barred from remedial action by the defense counsel's failure to object in five days. There is no passive waiver here. See *United States v. Graves*, 23 U.S.C.M.A. 437, 50 C.M.R. 393, 1 M.J. 50 (1975). If the majority thinks there are prejudicial errors, it has the duty to take corrective action, even though defense counsel did not object. Cf. *United States v. Morales*, 23 U.S.C.M.A. 508, 50 C.M.R. 647, 1 M.J. 87 (1975). (Of course defense counsel did not object to the review herein because there was nothing to object to.)

I would affirm the sentence, but only because the record is free from error.

Judge MAGUIRE joins in this dissent.

MAGUIRE, Judge, dissenting:

I agree with and have subscribed to the dissent of the Chief Judge but must give vent to stronger feelings.

The result reached by the majority (affirmance, which I of course also reach) does not follow from the premises in either instance of supposed errors.

With the generality that misleading of the Supervisory Authority by the SJA review or the fair risk of such a misleading constitutes reversible error there is no need to argue. But on the question of advising that the military judge had found multiplicity for sentencing purposes in certain specifications the majority finds but one decision to cite (*United States v. Westcott*) and rejects it. It sees that decision as standing to some "extent" for the principle that failure to give such advice is not prejudicial error. The decision there acknowledged "error" (citing no precedent), but held it nonprejudicial in light of the sentence awarded in the circumstances.

The majority does not look to the comparable circumstances in this case, e. g., that the confinement ordered was only one-third of that authorized for the court, which was itself only one-twelfth of the total maximum for the non-duplicative offenses proven. Such recognition lines the circumstances of this case up with those faced by the Army court. Consistently, then, to reach its end, the majority rejects out of hand the principle of that decision and holds that every such omission is prejudicial error.

I know of no law, regulation, or decision which declares that a military judge sitting alone must instruct himself in open court on matters of multiplicity for sentence purposes. The action is surplusage (although possibly useful in some cases) and I instinctively cannot regard as error a failure to point out a meaningless surplusage to a supervisory authority. Since the majority states its view only as "opinion" and chooses to offer no precedent nor rationale of its own, I decline to attempt to curb my instinct in order to explore possible grounds for agreement.

With respect to the "recommendation," the majority notes that it could not have been addressed to the Convening Authority, but that the military judge had specified that the recommendation should be carried out before the Supervisory Authority should act. It may be carping to say so, but the recommendation is vague. It is expressed in the passive. It may be addressed to the SJA, to be accomplished before he prepares his review; it may be addressed to the Supervisory Authority, to be accomplished after the review has been received. At any rate, it is so conditional as to be only remotely a recommendation at all. It assumes that others need instruction as to how the system should operate and it is purely gratuitous. Rather than chastisement of the SJA for a presumed failure to pass on gratuitous advice by calling it error, deterrence of superfluous comments by military judges should be sought.

While the Chief Judge has succinctly disposed of the majority's problem with the *Goode* decision, I can only wonder at an opinion which finds two prejudicial errors but finds no relief appropriate because of an unpalatable supposedly superimposed rule of waiver, without seeking assuagement in exploration of inadequacy of counsel.