UNITED STATES

v.

John P. DOTSON, Seaman Apprentice,
U. S. Coast Guard.

CGCMS 23428.
Docket No. 817.

U. S. Coast Guard Court of
Military Review.

16 Feb. 1979.

Trial Counsel: LT Bruce E. Weule.

Defense Counsel: LT Andrew W. Anderson.

Appellate Defense Counsel: LT Jon W. Peterson.

Appellate Government Counsel: LCDR Larry F. Wheatley.

## OPINION

MORGAN, Chief Judge:

Seaman Apprentice Dotson was tried by special court-martial on 24 April 1978. He elected trial by military judge alone and pleaded guilty to four offenses of unauthorized absence for periods of 18 days, 1 day, 21 days and 5 days, respectively, in violation

of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 and one offense of missing movement of his ship through design in violation of Article 87, U.C.M.J., 10 U.S.C. § 887. The military judge found the accused guilty pursuant to his guilty pleas and sentenced him to be confined at hard labor for six months, to forfeit $265.00 per month for six months, to be reduced to pay grade E–1 and to be discharged from the service with a bad conduct discharge. The findings and sentence were approved by the convening authority. The supervisory authority reduced the confinement at hard labor to four months but otherwise approved the findings and sentence.

■ Appellate defense counsel has raised several issues respecting the propriety of the bad conduct discharge as well as the adequacy of the district legal officer's review and additionally has asserted that trial defense counsel was not served with a copy of the review and afforded an opportunity to reply as required by *U. S. v. Goode,* 1 M.J. 3 (C.M.A.1975). In reply to this latter claim of error the Government concedes that there was no compliance with *Goode* but contends that the accused was not thereby prejudiced.

In *U. S. v. Goode, supra,* the Court of Military Appeals ordered:

" * * * [T]hat on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ, 10 U.S.C. § 861 or 865(b), be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. Proof of such service, together with any such correction, challenge or comment which counsel may make, shall be made a part of the record of proceedings." 1 M.J. 6

This requirement is incorporated in Section 510–2(d) of the Coast Guard Military Justice Manual, CG–488.

The issue of whether failure to comply with the mandate of *U. S. v. Goode* should require reversal in the absence of prejudice to the accused was argued before the Court

of Military Appeals in *U. S. v. Hill,* 3 M.J. 295 (C.M.A.1977). Addressing that issue the Court said:

"The requirement promulgated by this Court in *Goode* was predicated on a desire to eliminate delays encountered in claims of error in post-trial reviews and the exhaustion of appellate resources when such errors could easily and expeditiously be resolved prior to the convening and supervisory authorities' actions. Indeed, this Court in *United States v. Roop,* 16 U.S.C.M.A. 612, 615, 37 C.M.R. 232, 235 (1967), recognized:

'[T]hat as a matter of fairness and eventual expedience, the uniformed accused should be given an opportunity in each and every instance to rebut matters seemingly adverse to him as they appear in the staff judge advocate's review. The mere fact that upon appeal harm to the accused may be found nonexistent, in no sense lessens the obligation to see that he receives those benefits that are rightly his.'

"The present case demonstrates the delays that can be encountered and appellate resources that can be expended when the requirements of *Goode* are ignored. Accordingly, we conclude that the purpose of *Goode* can be effected only if we insist upon compliance therewith." 3 M.J. 296, 297.

Discussing the *Goode* requirement in *U. S. v. Iverson,* 5 M.J. 440, 444 (C.M.A.1978) the Court said:

" * * * [W]e do not believe that a failure to permit trial defense counsel to fulfill his or her role under *Goode* and *Palenius* [*U. S. v. Palenius,* 2 M.J. 86 (C.M.A.1977)] can be dismissed as nonprejudicial. In *United States v. Hill, supra,* we declined to test for prejudice when no counsel had had the opportunity to respond to the staff judge advocate's review."

These pronouncements from the Court of Military Appeals lead us to the conclusion that failure of a record to demonstrate that counsel for an accused was served with a copy of the staff judge advocate's review

and afforded an opportunity to reply as required by *U. S. v. Goode, supra,* is, alone, grounds for reversal. Additionally, in this case, there are other deficiencies in the district legal officer's review.

 Specification 1 of Charge I alleges unauthorized absence from USCGC MUNRO (WHEC 724) from 2 until 20 January 1978. The specification of Charge II alleges missing the movement of USCGC MUNRO (WHEC 724) through design on 13 January 1978. These offenses were multiplicious for sentence purposes. *U. S. v. Bridges,* 9 U.S. C.M.A. 121, 25 C.M.R. 383 (1958). Yet the military judge did not indicate that he had considered those offenses as one in arriving at the sentence nor did the district legal officer advise the supervisory authority of the multiplicity.

The sentence in this case was adjudged by the military judge and it may be presumed that he recognized the multiplicity of the offenses and treated them as one for sentencing. *U. S. v. Stein,* 20 U.S.C.M.A. 518, 43 C.M.R. 358 (1971); *U. S. v. Worline,* 50 C.M.R. 47 (N.C.M.R.1974). But as the Court of Military Appeals recommended in *U. S. v. Stein,* at 20 U.S.C.M.A. 519, 43 C.M.R. 359:

"Military judges and trial counsel could forestall controversy in this area by recording their views on sentencing multiplicity and we strongly urge that they do so, particularly in special courts-martial."

 Similarly, while a staff judge advocate's failure to provide appropriate advice respecting multiplicious offenses may not require corrective action in all cases, the inclusion of such advice is clearly the better practice and generally will forestall controversy. See *U. S. v. Worline, supra; U. S. v. Love,* 46 C.M.R. 741 (A.C.M.R.1972); *U. S. v. Cashwell,* 45 C.M.R. 748 (A.C.M.R.1972); *U. S. v. Westcott,* 48 C.M.R. 237 (A.C.M.R. 1973); *U. S. v. Kinion,* 5 M.J. 930 (N.C.M.R. 1978); *U. S. v. Watkins,* 2 M.J. 1276 (C.G.C. M.R.1976).

 The accused testified under oath respecting the sentence. He asserted that he would not return to duty aboard CGC MUNRO under any circumstances, expressed his dissatisfaction with the Coast Guard in general and adamantly persisted in his desire for a bad conduct discharge (R–15–19). The military judge fulfilled the accused's request but then attempted to explain the rationale underlying his announced sentence as follows:

"I've imposed the maximum sentence on you. In doing so—I'm doing this because this is about as flagrant, the flaunting of the law in respect to the offenses that you have been convicted of and plead guilty to, as I have ever seen. You, so to speak, just slammed your enlistment and oath down and said to hell with it, I took an oath once but I have decided that I am not going to adhere to it, my word is no good. You can't under those circumstances, expect me to believe you will at this point keep your word in respect to anything else, even though you've indicated that you might.

"The other thing, I imposed this sentence on you for is because I think you are being absolutely stupid and ridiculous, and I have imposed this sentence of confinement at hard labor to keep you under strong custody until such time as it appears that you don't need such strong custody; and hopefully during that time, one of these authorities that will be working with you, and they will be working with you, can get through your head that you want to be restored; and in which case, hopefully, the powers that will act on your sentence will be able to restore you, that's what I would like to see, and the sooner the better, as far as I am concerned.

"So with this, I am passing the maximum sentence on you for those reasons, and I hope in due course there will be cause to mitigate that in some way, but I just don't see it in front of this court today." (R–22).

This statement was not mentioned by the district legal officer in his review.

Appellate defense counsel has urged that these remarks indicate that the sentence was improperly based on the accused's requesting a bad conduct discharge and/or the military judge's improper reliance on mitigating action being taken during the

review process. We reject these contentions since we interpret the judge's remarks as reflecting on the accused's attitude and course of conduct incident to the charged offenses and the hope that during his post-trial confinement his conduct and attitude would merit restoration to duty. However, we believe that, in this case, the accused was entitled to have the judge's remarks brought to the attention of the supervisory authority for his consideration in determining what action to take with respect to the sentence. See *U. S. v. Watkins, supra; U. S. v. Jemison,* 10 U.S.C.M.A. 472, 28 C.M.R. 38 (1959); *U. S. v. Massingill,* 21 U.S.C.M.A. 428, 45 C.M.R. 202 (1972); *U. S. v. Erwin,* 46 C.M.R. 1265 (C.G.C.M.R.1973).

 A petition for clemency asking reduction of the sentence to confinement was submitted by trial defense counsel 1 May 1978, was considered by the convening authority when he approved the sentence 18 May 1978 and is attached to the record of trial. Although the supervisory authority reduced the confinement to four months despite the district legal officer's recommendation that the entire sentence be approved, neither the district legal officer's review nor the action of the supervisory authority mentions the petition for clemency. This omission is not considered to have prejudiced this accused but controversy in this area could be forestalled by one sentence in the staff legal officer's review calling attention to such a petition. See *U. S. v. Stein* and *U. S. v. Watkins, supra; U. S. v. Oliver,* 42 C.M.R. 906 (A.C.M.R.1970).

The action of the supervisory authority as to the sentence is set aside. The record is returned to the Chief Counsel for submission to a competent supervisory authority for a new review and action.

Judges BURGESS, HOLLAND, ALCANTARA and BRIDGMAN concur.