## UNITED STATES

v.

**Glenn Joseph MORRIS, Jr., 572 33 0087, Seaman Apprentice (E–2), U. S. Naval Reserve.**

**NCM 79 1323.**

U. S. Navy Court of Military Review.

Sentence Adjudged 17 April 1979.

Decided 21 March 1980.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

LT J. G. Van Winkle, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and EDWARDS and DONOVAN, JJ.

EDWARDS, Judge:

Appellant appeared before a general court-martial and pursuant to his plea of guilty was found guilty of willfully damaging electrical meters in the after machinery room of the USS NORTON SOUND (AVM–1) in violation of Article 108, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 908. Members sentenced appellant to a bad-conduct discharge, forfeitures of all pay and allowances for 1 year, confinement at hard labor for 1 year, and reduction to pay grade E–1. Pursuant to a pretrial agreement the convening authority approved the sentence as awarded.

Appellant, in his assignment of error, asks us to apply the "Griffin Doctrine" which prohibits the prosecution to comment upon the silence of an accused. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). During the sentencing stage of trial, the prosecution, over defense objection, introduced testimony of a Naval Investigative Service (NIS) agent in rebuttal to appellant's claim of remorse. This evidence showed a significant period of post-offense pretrial silence before appellant confessed. We do not see the issue as characterized by appellant and find the assigned error without merit.

Appellant, during the extenuation and mitigation phase of trial, made an unsworn statement through his defense counsel in which it is averred that he pleaded guilty; that he admits his guilt; and that since the incident he has been seeking an explanation of his conduct. Trial counsel, in rebuttal, chose to call the NIS agent to testify as to the facts and circumstances surrounding appellant's confession to the crime, that is, the extensive investigation taking almost two months; the fact that when the investigation focused on the accused he was brought in for interrogation; and that when confronted with the evidence against him, appellant confessed. The agent's testimony was offered for the purpose of amplifying appellant's assertion of coming forward in remorse as was brought out in the unsworn statement. The defense objected to this line of testimony but was overruled by the military judge on the basis "that the unsworn statement left the area open as to when the accused admitted his guilt. . ." (R.78). The prosecution was permitted to bring out the timing but not the content of the confession.

In his opening argument on the sentence, trial counsel made no reference as to the timing of appellant's admission of guilt. It was only after defense counsel opened the door again, by arguing that appellant "has admitted that he has done wrong" (R.84), that trial counsel commented on the fact that appellant did not "come forward immediately . . . only after, approximately, a month of investigation when they had focused on him and he was called in, that he confessed his guilt. . . . Common sense tells us that . . . [he] was happy with the concealment of the offense. . . ." (R.87–8). Defense counsel did not object to this argument. The military judge, in his instructions to the court, gave the standard instruction that a plea of guilty is to be considered as a matter in mitigation and that the court should consider matters brought out in the unsworn statement as well as the rebuttal evidence presented by the NIS agent.

We do not consider the disputed matters as a comment on the appellant's silence so as to trigger the "Griffin Doctrine", but characterize the introduction of the testimony of the NIS agent as admissible rebuttal evidence. The appellant's earlier silence is not being used to impeach his claim of a desire to repent and be rehabilitated, but rather to challenge appellant's claim by putting it into perspective, by showing in rebuttal that appellant admitted his guilt when confronted with evidence of his wrongdoing. *See Doyle v. Ohio*, 426 U.S. 610, 619 n.11, 96 S.Ct. 2240, 2245 n.11, 49 L.Ed.2d 91 (1976). As to trial counsel's argument, we find it to be fair rebuttal argument to defense counsel's argument and to be based on matters introduced into evidence.

■ Our further review of the instant case shows that the testimony by the NIS agent, which establishes that appellant had confessed to the crime, was admitted over objection without a showing that such confession was expressly voluntary, that appellant was advised of his right to counsel as well as his right to remain silent, and that appellant had waived those rights prior to giving the statement. This was error. Paragraph 140a (2), *Manual for Courts-Martial, 1969 (Rev.); United States v. Dohle*, 1 M.J. 223 (CMA 1975); *United States v. Griffis*, No. 79 1102 (NCMR 27 December 1979). We will reassess.

Upon reassessment, only so much of the sentence that provides for a bad-conduct discharge, confinement at hard labor for 8 months, forfeiture of all pay and allowances for 8 months, and reduction to pay grade E–1 is approved.

Chief Judge CEDARBURG and Judge DONOVAN concur.