UNITED STATES

v.

Harris FRIEDMAN, Fireman, U.S. Coast Guard.

CGCMS 23576.
Docket No. 838.

U. S. Coast Guard Court of Military Review.

6 July 1982.

Trial Counsel: Lt. John M. Griesbaum, USCGR.

Assistant Trial Counsel: Lt. Dave L. Brannon, USCG.

Defense Counsel: Lt. Bruce H. Tobey, USCGR.

Assistant Defense Counsel: Lt. Michael T. Harris, USCGR.

Appellate Defense Counsel: LCDR Mark A. O'Hara, USCG.

Appellate Government Counsel: Lt. D.J. St. James, USCGR.

DECISION

MORGAN, Chief Judge:

Fireman Harris Friedman, USCG, was tried by special court-martial military judge alone on 10 June 1980. He initially pleaded guilty to three specifications alleging, respectively, the violation of Article 9–2–15, U.S. Coast Guard Regulations (CG–300) on 25 August 1979 by the possession, sale and transfer of cocaine, violation of the same article of the regulations on 14 September 1979 by the possession, sale and transfer of cocaine, and violation of the same regulation also on 14 September 1979 by the pos-

session, sale and transfer of marijuana, all in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. 892. As a result of answers given by the accused during the military judge's inquiry into the providence of the guilty pleas, the judge rejected the guilty pleas and entered a plea of not guilty to the charge and all specifications. Following trial on the merits the military judge found the accused guilty as charged except for the alleged sale in each instance. The judge sentenced the accused to be confined at hard labor for three months and to be discharged from the service with a bad conduct discharge. The findings of guilty and the sentence were approved by the convening authority and by the officer exercising general court-martial jurisdiction.

Appellate defense counsel has submitted assignments of error alleging, among other things, (1) insufficiency of the evidence to prove that Article 9–2–15 of Coast Guard Regulations is a general regulation; (2) prejudice as to the sentence resulting from the trial counsel's presentation of evidence showing the absence of any pretrial expression of regret by the accused to rebut his in court unsworn statement that he was sorry for his misconduct; (3) error in the legal officer's advice that specifications 2 and 3 alleging, respectively, the possession and transfer of cocaine and marijuana on 14 September 1979 were separate offenses for punishment purposes; and, (4) inordinate posttrial delay entitling the accused to relief at least with respect to the sentence.

■ At trial the prosecution and the defense stipulated that Article 9–2–15 of Coast Guard Regulations (CG–300) was in effect at all times pertinent to the case and the written stipulation received as a prosecution exhibit set forth the full text of Article 9–2–15. Appellate defense counsel contends that in the absence of additional evidence or judicial notice the stipulation alone is insufficient to support a finding that Article 9–2–15 is a lawful general regulation since there is no evidence that the wording of the regulation had general applicability or that the regulation had been issued by an individual with the requisite authority.

Appellate defense counsel relies on the case of *U.S. v. Williams,* 3 M.J. 155 (C.M.A. 1977) in support of his contention that the evidence is insufficient to support appellant's conviction of violating a lawful general regulation. In the *Williams* case the accused was convicted of violation of a U.S. Army Regulation. The regulation allegedly violated was not placed before the court and the government offered no independent evidence to prove the existence or content of the regulation. The record of trial contained no affirmative showing that the military judge had been requested to or did take judicial notice of the regulation forming the basis of the charge. The Court of Military Appeals refused to presume that the military judge had taken judicial notice of the regulation sub silentio and held that mere reference to the regulation in the specification was not evidence. Thus, there was no evidence before the trial court proving the existence of the lawful general regulation found to have been violated.

In Fireman Friedman's case the full text of Article 9–2–15, the regulation alleged to have been violated, was placed before the military judge by the stipulation. The plain language of the regulation says that it applies in all places under the jurisdiction of the Coast Guard and that it applies to all persons in the Coast Guard. The stipulation does not expressly state that Coast Guard Regulations were issued by the Commandant, a person having authority to issue a general regulation. Nevertheless, the stipulation implicitly recognizes that Coast Guard Regulations were promulgated by the Commandant.

Paragraph 154a, Manual for Courts-Martial, 1951, specifically mentioned Headquarters of the Coast Guard as one source of a general regulation. Recognizing the validity of this provision in *U.S. v. Stone,* 9 U.S.C.M.A. 191, 25 C.M.R. 453 (1958) the Court of Military Appeals said:

"The ultimate purpose of the writers of the 1951 Manual was to set a balance between the various Service rules. * * * What they wished to accomplish, and we

are in full accord was to allow the presumption of knowledge to apply only to that category of regulations or orders which are issued by commands of the highest dignity. * * * In this category they, of course, placed the Departments of the Army, Navy, and Air Force, and the Headquarters of the Marine Corps and Coast Guard." 25 CMR at 459.

See also *U.S. v. Tinker,* 10 U.S.C.M.A. 292, 27 C.M.R. 366 (1959); *U.S. v. Ochoa,* 10 U.S.C.M.A. 602, 28 C.M.R. 168 (1959); Paragraph 171a, MCM, 1969 (Rev.); *U.S. v. Kennedy,* 11 M.J. 669 (C.G.C.M.R.1981). Thus, with the applicable Article of Coast Guard Regulations in evidence before him, the military judge was entitled to find both as a matter of fact and of law that it was a lawful general regulation.

■ During the sentencing phase of the trial the accused made an unsworn statement in which he said that he was sorry for what he had done and that he would not do it again. The prosecution over defense objection was then permitted to elicit testimony from two of the accused's superior petty officers that the accused had shown no contrition and had not expressed regret for his misconduct. This testimony was offered and received ostensibly as rebuttal to Fireman Friedman's statement that he was sorry for his wrongful acts. Trial counsel also argued that, despite the accused's expression of regret in his unsworn statement, he had not manifested any contrition to his superiors prior to trial. Appellate defense counsel contends that the military judge committed prejudicial error by permitting the trial counsel to rebut the accused's unsworn statement with evidence of his pretrial silence.

Paragraph 75c(2) of the Manual for Courts-Martial, 1969, (Rev.) provides in part:

"[T]he accused may make an unsworn statement to the court in mitigation or extenuation of the offenses of which he stands convicted * * *. This unsworn statement is not evidence, and the accused cannot be cross-examined upon it, but the prosecution may rebut statements of fact therein by evidence."

To be admissible the proffered rebuttal evidence must have some probative value. In this case the accused was under no duty to proclaim his repentance for his misconduct so that his failure to do so was a completely neutral circumstance. Thus, evidence of his silence prior to trial was inadmissible. *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); *U.S. v. Cloyd,* 25 C.M.R. 908 (A.F.B.R.1958); *U.S. v. Poinsett,* 3 M.J. 697 (A.F.C.M.R.1977) petition for review by USCMA denied 3 M.J. 483. See also *U.S. v. Konarski,* 8 M.J. 146 (C.M.A. 1979). Cf. *U.S. v. Morris,* 9 M.J. 551 (N.C. M.R.1980) petition for review by USCMA denied 11 M.J. 163. Considering the innocuous nature of the erroneously admitted evidence, we can see no possibility of prejudice to the accused. See Article 59(a), 10 U.S.C. § 859(a), UCMJ; *U.S. v. Leaks,* 39 C.M.R. 415 (ABR 1968); *U.S. v. Little,* 33 C.M.R. 655 (C.G.B.R.1963) petition for review by USCMA denied 14 U.S.C.M.A. 683.

■ The possession and transfer of cocaine and marijuana alleged in specifications 2 and 3 involved the acquisition of the substances from different sources at different times with transfer of both substances to an undercover operative during a single transaction. The record is silent as to whether the military judge treated the specifications as one offense or as separate offenses for punishment purposes. The district legal officer advised the officer exercising general court-martial jurisdiction that he considered the offenses to be separate. Appellate defense counsel contends that the offenses were but one for sentencing purposes and that the accused has been prejudiced both by the absence of any indication that the military judge had considered the offenses to be multiplicious and by the staff legal officer's advice that the offenses were separate.

We agree with appellate defense counsel that under the facts of this case specifications 2 and 3 were multiplicious for sentencing purposes. See *U.S. v. Towns,* 22 U.S.C. M.A. 600, 48 C.M.R. 224 (1974); *U.S. v. Axley,* 1 M.J. 265 (C.M.A.1976); *U.S. v.*

*Hughes,* 1 M.J. 346 (C.M.A.1976); *U.S. v. Mosley,* 1 M.J. 350 (C.M.A.1976); *U.S. v. Waller,* 3 M.J. 32 (C.M.A.1977); *U.S. v. Griffin,* 8 M.J. 66 (C.M.A.1979); *U.S. v. Clarke,* 13 M.J. 566 (A.C.M.R.1982).

The military judge sentenced the accused to only half of the confinement which a special court-martial may adjudge and to no forfeiture of pay. It may be presumed that the military judge recognized the multiplicity of specifications 2 and 3 and treated them as one offense for sentencing purposes. *U.S. v. Stein,* 20 U.S.C.M.A. 518, 43 C.M.R. 358 (1971); *U.S. v. Worline,* 50 C.M.R. 47 (N.C.M.R.1974); *U.S. v. Dotson,* 6 M.J. 864 (C.G.C.M.R.1979). Even in the absence of this authorized presumption, we can see no possibility of prejudice to the accused since either of the separate offenses before the court authorized imposition of the maximum special court-martial sentence. See *U.S. v. Wilson,* 2 M.J. 259 (A.F.C.M.R.1976) petition for review by USCMA denied 2 M.J. 169; *U.S. v. Corigliano,* 2 M.J. 282 (A.F.C.M.R.1976); *U.S. v. Clay,* 2 M.J. 721 (A.F.C.M.R.1976).

The staff legal officer's advice that specifications 2 and 3 were separate was erroneous. Under the circumstances of this case we do not believe that the action of the officer exercising general court-martial jurisdiction would have been different had he been correctly advised. See *U.S. v. Worline supra; U.S. v. Cashwell* 45 C.M.R. 748 (A.C.M.R.1972) petition for review by USCMA denied 45 C.M.R. 928; *U.S. v. Dupuis,* 48 C.M.R. 49 (A.C.M.R.1973); *U.S. v. Westcott,* 48 C.M.R. 237 (A.C.M.R.1973); *U.S. v. Morgan,* 50 C.M.R. 589 (A.C.M.R.1975). Cf. *U.S. v. Watkins,* 2 M.J. 1276 (C.G.C.M.R. 1976). Nevertheless, we will reassess the sentence in view of the erroneous advice. See *U.S. v. Bell,* 8 U.S.C.M.A. 193, 24 C.M.R. 3 (1957); *U.S. v. Geib,* 9 U.S.C.M.A. 392, 26 C.M.R. 172 (1958); *U.S. v. Walbert,* 32 C.M.R. 945 (A.F.B.R.1963) petition for review by USCMA denied 33 C.M.R. 436, affirmed 14 U.S.C.M.A. 34, 33 C.M.R. 246 (1963); *U.S. v. Conway,* 33 C.M.R. 903 (A.F. B.R.1963) petition for review by USCMA denied 33 C.M.R. 436.

■ Sentence was adjudged 10 June 1980. The convening authority took action on the record 17 November 1980 and the officer exercising general court-martial jurisdiction did not take action until 20 February 1981, some 255 days after sentence was adjudged. A letter from the convening authority and an affidavit executed by the staff legal officer for the officer exercising general court-martial jurisdiction mention the Cuban refugee boatlift and increased drug enforcement activities as contributing to the delay in the review process. However, these explanations refer principally to shortages of experienced personnel rather than to compelling operational requirements or other truly extraordinary circumstances recognized by the Court of Military Appeals as possibly justifying either pretrial or posttrial delay. See *U.S. v. Marshall,* 22 U.S.C.M.A. 431, 46 C.M.R. 409 (1973); *U.S. v. Stevenson,* 22 U.S.C.M.A. 454, 47 C.M.R. 495 (1973); *U.S. v. Larsen,* 23 U.S.C.M.A. 564, 50 C.M.R. 783 (1975).

Fireman Friedman has been on appellate leave at his own request since completing service of his sentence to confinement and has failed to show any prejudice to his rights resulting from the posttrial delay in his case. Thus, he has demonstrated no cause for relief. See *U.S. v. Banks,* 7 M.J. 92 (C.M.A.1979); *U.S. v. Green,* 4 M.J. 203 (C.M.A.1978); *U.S. v. Burns,* 2 M.J. 78 (C.M.A.1976); *U.S. v. Gray,* 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973).

We have considered the remaining assignments of error raised by appellate defense counsel as well as those asserted by trial defense counsel in a brief attached to the record of trial pursuant to Article 38(c), UCMJ, 10 U.S.C. § 838(c), and in a reply to the staff legal officer's review. The issues raised there and not otherwise specifically addressed in this opinion have all been considered and found to be without merit. See *U.S. v. Grostefon,* 12 M.J. 431 (C.M.A.1982).

The findings of guilty and, upon reassessment, the sentence approved on review below are affirmed.

Judges HOLLAND, VERSAW and BEAVER concur.

Judge BRIDGMAN did not participate in the decision in this case.